## DUNHAM vs. ROBERTS.

[APPLICATION BY WIDOW FOR LETTERS OF ADMINISTRATION ON ESTATE OF HER
DECEASED HUSBAND.]

1. *Widow's right to administer.*—A widow is entitled to administer on, the estate
of her deceased husband, if, being competent in law, she makes application
within forty days after his death is known, unless she relinquishes her right
in one of the modes specified in the statute (Code, §§ 1662, 1674) : a recital
in an order of court, granting letters of administration to other persons,
that it is "made known to the court, by A. B., special attorney of said
widow, that she relinquishes her right of administration to the applicants",
does not debar her from applying for letters before the expiration of the
forty days.
2. *Conclusiveness of order granting letters of administration.*—A grant of letters of
administration to a third person, on an *ex parte* application, does not pre-
clude the widow from asserting her right by petition to the court, asking
the revocation of the former letters, and the grant of letters to herself.
The provisions of the Code (§ 1696), specifying the causes for which an ad-
ministrator may be removed, do not apply to such a case.

APPEAL from the Court of Probate of Pickens.

IN THE MATTER of the estate of W. C. Dunham, deceased.

The record discloses the following facts : At a regular term
of the court, held on the 13th March, 1854, " came Alexander
B. Clitherall and Andrew J. Roberts, and moved the court to
appoint them administrators on the estate of said W. C. Dun-
ham, deceased, and that they give separate bonds in equal
amount ; and it being made known to the court, by the said
Alex. B. Clitherall, special attorney of Melissa C. Dunham,
that the said Melissa, widow of the said deceased, relinquishes
to said applicants her claims of the said administration, and
no person else objecting thereto, it is ordered," &c., that said
Clitherall and Roberts be appointed administrators of said
estate, upon their entering into bond with good security.
Thereupon said administrators filed their bonds, which were
approved by the court, and entered on the discharge of their
duties.

On the 30th March, 1854, Clitherall filed his written re-
signation of his office as administrator, which was accepted

by the court; and on the same day Mrs. Melissa C. Dunham, the widow and relict of the deceased, filed her written petition in the court, asking the removal of Roberts from the administration, and the grant of letters of administration to herself. Her petition states, that said W. C. Dunham died, on or about the 21st day of February, 1854, in the State of New York, intestate, and leaving personal property in said county of Pickens, which was his domicile; that the petitioner is his widow, is a resident of said county, is of lawful age, is fully competent to discharge the duties of administratrix of her said husband's estate, and has never relinquished her right to the administration as required by the statute; that letters of administration on said estate were granted by said court, on the 13th March, 1854, to said Clitherall and Roberts, as appears by the records of said court to which reference is prayed, but petitioner is advised that their appointment was null and void, and that she is by law entitled to the administration, and is ready to give bond as by law required; and that Clitherall has resigned his said office. The prayer of the petition is, that the letters of administration granted to Roberts may be revoked and set aside, and that letters of administration may be granted to the petitioner, because, 1st, "she is the widow of the decedent, fully competent, legally qualified, and by law entitled to administer on his estate"; 2dly, "said Roberts was illegally appointed, and not entitled by law to said administration"; 3dly, "said Roberts has not given such bond as is by law required"; 4thly, "said appointment was *coram non judice*, illegal, and void, and there were no proceedings in writing in said court, nor any written application on the part of said Roberts made or filed"; and, 5thly, "the death of said W. C. Dunham was not here known, nor to the widow, until about the 23d of February last, and forty days have not elapsed since his death was here known."

Roberts, being duly notified of the filing of this petition, appeared in court, by his attorney, on the 4th May, 1854, and filed his demurrer to the petition, assigning as grounds of demurrer, 1st, "that the petition shows that letters of administration have been granted by this court, at a previous term thereof, to Alexander B. Clitherall and this defendant,

and does not allege any of the causes on account of which this court is authorized to revoke the same"; 2dly, "that said petition does not show that the petitioner is one of the parties or persons authorized by law to ask a revocation of letters of administration"; and, 3dly, "that said petition shows that the whole matter incorporated therein has been previously adjudicated in this court, and between the same parties, and cannot be reviewed and reversed by this court."

The court sustained the demurrer, and dismissed the petition; and its ruling is now assigned for error.

WATTS, JUDGE & JACKSON assigned errors for the appellant, and submitted the case without brief or argument.

No counsel appeared for the appellee.

CHILTON, C. J.—Conceding the facts stated in the petition to be true, as we must upon the trial of its legal sufficiency on demurrer, we think the court erred in dismissing it.

The Code gives the right to administer, first, to the widow, " if she is willing to accept, and fit to serve."—§ 1668. She did not relinquish by failing to apply within forty days after the death of her husband was known (§ 1669); nor did she relinquish, or renounce, as provided in section 1662, for, in such case, the record must show either that she appeared before the judge of probate and declared her renunciation, or that she " renounced the appointment in writing, under her hand, attested by a judge of probate, judge of the circuit or supreme court, or chancellor." Her petition, then, clearly shows that she was entitled to the administration, to the exclusion of the present incumbent.

It would seem by the objections to the petition specified in the demurrer, that the appellee supposed the court had no power to set aside its previous grant of letters to him, unless upon an allegation of some of the grounds specified in chap. 4, title 4, part 2 of the Code, pages 342–5. But this application is predicated upon the fact, that the previous proceeding being *ex parte*, and the petitioner not being before the court, her rights are not to be concluded by the adjudication; and she has the right, therefore, to propound her interest or

title, and to pray the court to open the previous appointment, to adjudicate upon her claims to the office, and to appoint her, if she has not lost her right by reason of some of the causes mentioned in the Code. If the court refuse to grant her rights, she has her remedy by appeal from its judgment. See, as to the power of the Probate Court to set aside the previous order made without notice, Roy v. Segrist, 19 Ala. 813, and cases there cited ; Bradley v. Andress, at present term.

The judge should have heard the application, and, if sustained, should have set aside the previous order, and granted letters of administration to the petitioner.

Judgment reversed, and cause remanded.