# Mitchell *v.* Duncan.

*Application for Grant of Letters of Administration, and Revocation of Letters Improvidently Granted.*

1. *Limitation of appeal.*—When application is made to revoke letters of administration, on the ground that they were improvidently granted while a former application by the petitioner was pending and undecided, and for a grant of letters to him as prayed in that petition, an appeal from a decree overruling and refusing the application must be taken within thirty days (Code, § 3641).

APPEAL from the Probate court of Madison.

Heard before the Hon. THOS. J. TAYLOR.

Motion to dismiss the appeal, on facts stated in the opinion of the court.

D. D. SHELBY, and WM. L. CLAY, for the motion.

WM. RICHARDSON, and R. E. SPRAGINS, *contra.*

WALKER, J.—Charles E. Harris died on the 5th day of December, 1889, leaving property in Madison county in this State. On the 13th day of the same month certain persons, describing themselves as heirs-at-law of said decedent, filed a petition in the Probate Court of said county, praying that letters of administration upon the estate of the decedent be issued to Ralph Mitchell, who was one of the petitioners. So far as the record discloses, it does not appear that any order was made upon that petition. On the 15th day of March, 1890, Sallie W. Carroll, who had joined in the first petition, filed another petition in her own name alone, asking that William P. Duncan be appointed administrator of the estate of said decedent. On the 4th of April, 1890, Duncan was

[Mitchell v. Duncan.]

appointed administrator.   On the 19th day of June thereafter,
Ralph Mitchell and others, describing themselves as heirs-at- .
law, filed another petition, praying that the letters of admin-
istration issued to Duncan be revoked and recalled, and that
letters of administration be granted to Ralph Mitchell in ac-
cordance with the application of December 13th, 1889, to this
effect.   On July 8th, 1890, an order was made overruling and
denying this last petition.   An appeal from that order was
taken, January 9th, 1891.   A motion has been made in behalf
of the appellees to dismiss the appeal, because it was not taken
within thirty days after the date of the order or decree sought
to be reviewed.

The contention of the appellants is, that Duncan, who did
not belong to either of the classes of persons entitled to priority
in the grant of administration, should not have been appointed
administrator while the application for the appointment of
Mitchell, who is an heir-at-law of the decedent, was pending in
that court, and had not been disposed of—that application
having been made within forty days after the death of the in-
testate.—Code of 1886, §§ 2014 and 2016.   The claim is, that
the right of preference asserted by that application had not
been abandoned, but was duly maintained, and that it should
not have been ignored.   The purpose in seeking the revoca-
tion of the letters issued to Duncan was to get rid of an ob-
stacle in the way of the application for Mitchell's appointment.
The claim that Mitchell was entitled to be appointed adminis-
trator in preference to Duncan was the substantial matter of
controversy.   The relief sought was the recognition and en-
forcement of that claim.   The contest was between the con-
flicting claims to the administration.   The disposition of the
matter depended entirely upon the recognition of the one or
the other of those claims.   In making the order appealed
from, the Probate Court was passing upon an application to
administer upon an estate.   The appeal from a decree or order
made on such an application must be taken within thirty days
from the hearing and decision of the same, unless the applica-
tion was denied because of the unfitness of the applicant, in
which case the appeal must be taken in ten days.—Code of
1886, § 3641, sub-div. 2.   The appeal in this case not having
been taken within the time limited by the statute, the motion
to dismiss must be granted.

Appeal dismissed.