## Nichols v. Smith.

*Petition for Letters of Administration.*

(Decided April 16, 1914. 65 South. 30.)

1. *Executors and Administrators; Right to Appointment As.*— Where an infant died, and left surviving him a father and minor sisters, the father, if fit to serve, was entitled to administer the estate which consisted of a right of action for the wrongful death of a minor (sections 2486, 2520 and 3754, Code 1907).

2. *Same; Review; Presumption.*—Under sections 2520, the question as to fitness to serve as an administrator is a question of fact, and all reasonable presumptions should be indulged in favor of the finding of the probate judge.

3. *Same; Disqualification.*—Construing sections 2508 and 2520, Code 1907, it is held that the court can deny the application of a person otherwise entitled to administer only for one of the causes specified in section 2508; hence, the right to administer the estate of an infant, which consisted only of a claim for damages for his wrongful death, could not be denied to the father, though he had no peculiar fitness for the office, and had abandoned his family and neglected them under circumstances which should have stimulated his care for them, and although it was inferable that his desire to administer was for the purpose of using the situation for his own best advantage.

4. *Same; Improvidence.*—Within the meaning of section 2520, Code 1907, improvidence denotes a lack of care and foresight, thrift or business capacity, as would endanger the assets of the estate, but a capacity for care and foresight need not be evidenced by the accumulation of any considerable estate.

(Sayre, J., dissents in part.)

[Nichols v. Smith.]

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

J. P. Smith and M. J. Nichols applied for letters of administration upon the estate of Howell Smith, the one being the father and the other the maternal grandmother of decedent. From a decree granting letters to J. P. Smith, M. J. Nichols appeals. Affirmed.

SCOTT & ALDRIDGE, and ALLEN & BELL, for appellant. We contend that a father who abandons a child is not a fit person to be appointed administrator of the estate of his minor son, whose only estate is a claim for damages for wrongful death, the father having already brought his suit as father, and we further contend that the evidence shows him to be an improvident person, within the meaning of the Code.—Code 1907, sections 2520 and 2508; Worcester's Dictionary; *DeForest v. Redfield,* 4 Blatchf. 428; 19 Cyc. 1030, 1031; *Cromelin v. Raoul,* 53 South. Rep. 745; *In re Davis's Estate,* 25 Pac. Rep. 105; *Emerson v. Bowers,* 14 Barb. 658; *In re Ferguson's Will,* 84 N. Y. Suppl. 1102; *Winslow v. The State,* 92 Ala. 78.

GOODWYN & ROSS, for appellee. The appellee, being the natural father of the deceased, was the "next of kin," and having made application within the forty days, was entitled to administer on the estate of his deceased son, there being no other kin of equal degree.— Code of 1907, section 2520, subdivision 2; *Brown v. Hay, et al.,* 1 Stew. & P. 102. The father was not disqualified as a matter of law, to be administrator of his sons estate, as the only grounds of disqualification are those which would disqualify an executor.—Code of 1907, section 2508; *Williams v. McConico, etc.,* 27 Ala. 572; *Cromelin v. Raoul,* 53 South. Rep. 745; *Kidd v. Bates,* 120 Ala. 79. Because the applicant and deceased are not living to-

gether in a natural relation at the time of death is no sufficient ground of disqualification of appellant.—*Williams v. McConico, supra.* The appointment of an. administrator is a judicial act, and the judge of probate is clothed with large discretionary powers as to fitness between applicants.—*Davis v. Swearington,* 56 Ala. 31; *Phillips v. Peteet,* 35 Ala. 696; *Bingham v. Crenshaw,* 34 Ala. 683; *Kidd v. Bates,* 23 Ala. 735.

SAYRE, J.—Howell Smith, a minor about 14 years of age, had been accidentally killed by a street car, and several relatives applied for letter of administration upon his estate, which consisted of the right of action supposed to have been created by his alleged wrongful death. Appellee, the father of deceased, applied for letters jointly with one O'Rourke, who had married an aunt of deceased, and with whom deceased had been living. Mrs. Nichols, the grandmother, and Lottie Brooks, a married sister, who joined with her husband, also applied and contested the grant of letters to appellee. The boy's mother had died about a year before. Upon the hearing the court granted letters to the appellee, hence this appeal.

Any damages recoverable on account of decedent's wrongful death "must be distributed according to the statute of distributions."—Code, § 2486. In this case the statute of distributions so provides that the proceeds of any recovery that may be had will be distributed to appellee, the sister Lottie Brooks, another sister and a half-sister, aged, respectively, eleven and seven years of age; the half-sister being the offspring of the mother's second marriage contracted after a divorce from appellee.—Code, §§ 3754-3758.

In these circumstances the father, if "fit to serve," is entitled to preference in the grant of letters.—Code, §

2520; *Brown v. Hay,* 1 Stew. & P. 102. The question of fitness is a question of fact, and all reasonable presumptions will be indulged in favor of the finding by the judge of probate.

One-half of the proceeds of any recovery that may be had will be held by the administrator as a trustee for the sisters of deceased who are still minors. The administration to follow will differ from that in the ordinary case, for the damages recovered will not be subject to the payment of the debts or liabilities of the intestate, if it may be supposed he left any.—Code, § 2486. Appellee's competency to discharge the duties of the trust, apart from considerations of a mere general moral nature, cannot be fairly questioned. The question before the court may then be properly stated thus: Is there in the evidence and under the law sufficient reason of any other character for denying to him an appointment as trustee for the infant sisters of the deceased? We have noted the provision of section 2520 of the Code. But it has been held that "fit to serve" in section 2520, which relates to the appointment of administrators, means just what the same words mean in section 2508, where it is provided that "no person must be deemed a fit person to serve as executor who is under the age of twenty-one years, or who has been convicted of an infamous crime, or who, from intemperance, improvidence, or want of understanding, is incompetent to discharge the duties of the trust," and that these statutory disqualifications exclude the power of the court in the appointment of an administrator to deny the application of a person in the preferred list on any other ground; and so we have cases holding that on the application of a person standing in the statutory preferred list no account may be taken of his general moral unfitness.—*Williams v. McConico,* 27 Ala. 572; *Cromme-*

[Nichols v. Smith.]

*lin v. Raoull,* 169 Ala. 413, 53 South. 745. On the hearing below there was offered, and the court took into consideration, as tending to show appellee's fitness or unfitness, a transcript of the record of a cause in which appellee's first wife, the mother of deceased, had procured a decree of divorce from him about ten years before on the ground of abandonment. The evidence there, which was uncontroverted, tended to show that appellee was then addicted to drunkenness and gambling. But it cannot be said on the evidence in the instant cause that such is the case now. The evidence, however, does show that appellee is devoid of peculiar fitness in any respect for the office of trustee, and the opposition to his appointment rests upon evidence which shows that about ten years ago appellee abandoned his family, consisting at that time of three children, the eldest of whom was not more than six years of age, and their mother, his utter neglect of these children during the intervening period under the circumstances that should have stimulated his care for them, and his present insistence upon letters of administration for the sole reason, it is fairly inferable, that he will be interested in any recovery that may be had, and his purpose to use the situation for his own best advantage.

Other statutory disqualifications finding no substantial support in the evidence, appellant's proposition is that the probate court should have held appellee to be "improvident" within the meaning of the statute, and anyhow that his lack of appeal to the court's sense of moral fitness was a disqualification. Improvidence means a lack of care and foresight, of forehandedness, of thrift, of business capacity. It does not mean, however, that the capacity for care and foresight must needs to be proved by the accumulation of any considerable estate, for men are largely creatures of time and chance.

Improvidence in this connection means only that probable lack of care and foresight in the management of the estate's only asset which would endanger its safety in case administration should be committed to appellee. He appears to be altogether capable, so far as business capacity goes, of caring for his own interest in the estate of decedent and as well the interests of the infant distributees. As for the more general objection to appellee and the facts upon which it is based, he offers such extenuation as may be found in the decree of divorce relieving him of duty to the mother of these children and committing them to her care, her subsequent remarriage, and his own care of his second family. But, apart from these facts, the court, considering the right of preference vested in appellee by the statute, follows the rule of our previous cases, cited above, and holds that no alleged ground of disqualification can be considered, except such as are named in the statute, and that there was no error in the action of the probate court.

The court concludes that the appointment of appellee was necessary. The writer concurs in the conclusion not to disturb the ruling of the probate court, for the reason that the moral deficiency of appellee, inferable from his abandonment of his children under the circumstances, is hardly enough to justify a reversal. I still think, however, that the principle of *Crommelin v. Raoul* is unsound, and that there may be cases, other than those enumerated in the statute, which would justify the court in refusing an appointment to the next of kin.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.