(80 South. 39)

BELL v. FULGHAM. (2' Div. 676.)

(Supreme Court of Alabama. Nov. 14, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⚖=18— DISQUALIFICATION BY WANT OF UNDERSTANDING—ILLITERACY.

One who cannot read or write, but of good intelligence, accustomed to transact his own affairs, having memory for details of transactions superior to that of man of average book learning, is not incompetent for want of understanding to discharge duties of administration of decedent's estate.

2. EXECUTORS AND ADMINISTRATORS ⚖=17(2) — ORDER OF GRANT OF ADMINISTRATION — PREFERENCE OF FATHER.

Under Code 1907, § 2520, specifying order of grant of administration, the father of deceased was entitled to the preference over a half-brother.

3. EXECUTORS AND ADMINISTRATORS ⚖=18— DISQUALIFICATION OF ONE ENTITLED TO PREFERENCE.

One who is entitled to preference, under Code 1907, § 2520, in being appointed administrator of a decedent's estate, may not be disqualified except for some grounds specified in the statute.

4. EXECUTORS AND ADMINISTRATORS ⚖=29(2) —APPOINTMENT—DIRECT ATTACK BY PERSON ENTITLED TO PREFERENCE.

Petition by father of deceased for recall of letters of administration improvidently granted deceased's half-brother, and for his own appointment, was a direct, not a collateral, attack, upon previous appointment.

5. EXECUTORS AND ADMINISTRATORS ⚖=32(2) —PETITION FOR APPOINTMENT—EVIDENCE.

On petition by father of deceased to recall letters of administration issued to half-brother, and to have himself appointed instead, testimony as to differences between petitioner and deceased prior to death, having no tendency to establish statutory disqualification, was improperly admitted.

6. APPEAL AND ERROR ⚖=640 — CONSIDERATION OF APPEAL — TRANSCRIPT — LACK OF FORMAL CAPTION.

Though transcript on appeal contains no formal caption, as directed by Rule 26 of the Supreme Court (175 Ala. xix, 61 So. vii), but it is ascertainable from certificate of appeal and other parts of transcript that judgment was ren-

dered by a court organized according to law, consideration of appeal is warranted.

7. APPEAL AND ERROR ☞766 — INFORMAL BRIEF—CONSIDERATION—RULE OF COURT.

Rule 10 of the Supreme Court (175 Ala. xviii, 61 So. vii) is directory, and, though appellant's brief is informal and apparently inattentive to the rule, the court may exercise its discretion and consider it, if it fairly makes points on which appellant relies.

Appeal from Probate Court, Bibb County; W. J. Nicholson, Judge.

John R. Fulgham petitioned for administration of the estate of Marion Bell, deceased, his half-brother, and qualified and made bond on May 4, 1918, when letters were issued. May 15, 1918, J. M. Bell petitioned as the father of deceased for letters of administration on the estate, qualified, and later asked for the recall of the letters issued to J. R. Fulgham, and to have himself appointed instead. From denial of his petition, he appeals. Reversed and remanded.

S. D. & C. D. Logan, of Centerville, for appellant.

Lavender & Thompson, of Centerville, for appellee.

SAYRE, J. [1-4] Appellant cannot read or write; but he is a man of good intelligence, accustomed to transact his own affairs, and, we infer from the evidence shown in the bill of exceptions, has a memory for the details of past transactions superior to that of the man of average book learning. It cannot be said, therefore, that he is incompetent to discharge the duties incident to the administration of an estate by reason of a want of understanding. It is not suggested that he is incompetent for any other reason. Under the statute, section 2520 of the Code, appellant, father of deceased, was entitled to the administration in preference to appellee, who is a half-brother. Brown v. Hay, 1 Stew. & P. 102. Section 2508 does not set down illiteracy as a cause of disqualification, and, under the ruling of this court (Crommelin v. Raoull, 169 Ala. 413, 53 South. 745), one who is entitled to preference under the statute may not be disqualified except for some ground specified in the statute. Appellant's petition for the recall of the letters improvidently granted to appellee and for his own appointment was a direct attack upon the previous appointment and, under the evidence, should have been granted, and appellant should have been appointed instead.

[5] It results also from the ruling in Crommelin v. Raoull, noted above, that the trial court erred in the several rulings on the admission of testimony to which exceptions were duly reserved. According to the ruling in that case, the court had no discretion to refuse the appointment of appellant; it not appearing that he was disqualified on any ground specified in the statute, and no waiver of his right being shown against him.

The testimony admitted by the court, having reference to personal differences between appellant and deceased prior to the death of the latter, could have had no tendency to establish any statutory ground of disqualification. Its admission was error therefore. The assignments of error based upon these rulings lack due specification, perhaps; but these rulings were all erroneous, and the assignments suffice to raise the general question involved.

The brief for appellee complains of the transcript and of appellant's brief as exhibiting defects, both which should justify the court in denying consideration of the appeal.

[6] It is held that this court's jurisdiction depends upon the affirmative appearance in the transcript of the fact that the judgment from which the appeal is taken was rendered by a court organized according to law. Pensacola, A. & W. Ry. Co. v. Big Sandy Iron Co., 147 Ala. 274, 41 South. 418. The transcript before us contains no formal caption, such as is directed by Rule 26 (175 Ala. xix, 61 South. vii); but from the certificate of appeal and other parts of the transcript it is ascertained that the judgment under review was rendered by a court organized according to law. This warrants our consideration of the appeal. Richardson v. Powell, 199 Ala. 275, 74 South. 364.

[7] The brief filed by appellant is characterized by a degree of informality and an apparent lack of attention to Rule 10 (175 Ala. xviii, 61 South. vii, ubi supra); but the rule is directory, and from the time of its adoption the court has exercised its discretion in the consideration of briefs which fairly and helpfully make the points upon which appellant relies. Agreeably with the practice thus established, the brief for appellant has been considered.

Reversed and remanded.

McCLELLAN, MAYFIELD, and GARDNER, JJ., concur.