In the Matter of Proving the Will of EUGENE J. FLOOD,
Deceased.

PATRICK J. MCNULTY, Appellant; SUSIE E. MURRAY
et al., Respondents.

**Surrogate's Court — executors and administrators — power
of surrogate to refuse issuance of letters testamentary limited
to cases of drunkenness and dishonesty, improvidence or want
of understanding.**

The power of the surrogate to refuse letters testamentary to one
named as executor is limited by statute (Sur. Ct. Act, §§ 94, 97) to
cases where the proposed person is incompetent to execute the duties
of such trust by reason of drunkenness, dishonesty, improvidence or
want of understanding, and where the understanding and sobriety
of one so named is not questioned, in the absence of any evidence
tending to show dishonesty or improvidence, this court will reverse
a decree refusing letters and remit the matter to the surrogate for
further action.

*Matter of Flood,* 206 App. Div. 602, reversed.

(Argued June 1, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
March 23, 1923, which affirmed a decree of the New York
County Surrogate's Court refusing to issue letters testa-
mentary to the appellant herein, one of the executors
named in the will of Eugene J. Flood, deceased.

*Frank Earle Parham* for appellant. The evidence
adduced in this proceeding is insufficient as a matter of
law to uphold the order of the Appellate Division, that
the appellant is dishonest and improvident and his
circumstances do not afford adequate security to the
decedent's estate. (*Matter of Latham,* 145 App. Div. 849;
*Matter of Leland,* 219 N. Y. 387; *Reeves* v. *Bartlett,* 215
N. Y. 33.) The evidence adduced in this proceeding is
insufficient to uphold the finding of the surrogate that
the appellant is dishonest, improvident and that his
circumstances do not afford security to the decedent's

estate. (*Matter of Leland,* 219 N. Y. 387; *Matter of Latham,* 145 App. Div. 849.) The Appellate Division erred in sustaining the learned surrogate's disqualification of the appellant as decedent's executor. (*Matter of Case,* 214 N. Y. 199.)

*J. Power Donellan* for respondents. The order of the Appellate Division should be affirmed and the objection sustained. (*Matter of Waterman,* 112 App. Div. 313; *Matter of Engel,* 155 App. Div. 472; *Gould* v. *Gould,* 108 Misc. Rep. 42; *Currier* v. *Currier,* 226 N. Y. 114; *Greene,* v. *Greene,* 125 N. Y. 506; *Woodward* v. *James,* 115 N. Y. 346; *Rankin* v. *Metzger,* 69 App. Div. 264; 174 N. Y. 540; *Losey* v. *Stanley,* 147 N. Y. 560; *Rodger* v. *Rodger,* 111 N. Y. 228; *Matter of McGilliray,* 138 N. Y. 308.)

ANDREWS, J. By his will, which has been admitted to probate in the Surrogate's Court of New York county, Mr. Flood named Anna Ryan and Patrick J. McNulty as executrix and executor of his estate. Certain legatees and devisees objected to the issuance of letters testamentary to Anna Ryan on the ground that her circumstances did not afford adequate security to the persons interested in the estate; and to Patrick J. McNulty upon the same ground and also on the ground that he was incompetent to execute the duties of the trust by reason of improvidence and dishonesty. By his decree the surrogate directed that letters be issued to Anna Ryan upon her giving a suitable bond, and that they be refused to Patrick J. McNulty on the ground that he was incompetent to execute the duties of his trust by reason of improvidence and dishonesty, and that his circumstances did not afford adequate security to the creditors or persons interested in the estate. This decree has been affirmed by the Appellate Division, two of the justices dissenting.

Section 94 of the Surrogate's Court Act provides that no person is competent to serve as an executor who is incompetent to execute the duties of such trust by reason

of drunkenness, dishonesty, improvidence or want of understanding. If his circumstances are such that they do not afford adequate security to the persons interested in the estate he may still be entitled to letters by giving a proper bond. (Section 97.) Under such circumstances the surrogate may refuse to issue letters unless such a bond is given. It is not ground for an absolute rejection. To justify the decree of the surrogate, therefore, we must find in the case before us some evidence that Mr. McNulty was disqualified by reason of dishonesty or improvidence. His understanding and his sobriety are not questioned.

The power of the surrogate to refuse letters is limited by statute. If qualified one named as executor is entitled to the issuance of letters and his necessary qualifications in this state are described with minuteness. As we said in *Matter of Leland* (219 N. Y. 387, 392): " The testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded. Appointment is not to be refused merely because the testator's selection does not seem suitable to the judge. * * * The courts will not undertake to make a better will nor name a better executor for the testator. They will not add disqualifications to those specified by the statute, nor disregard testator's wishes by too liberal an interpretation of the specific disqualifications, nor consider the size and condition of the estate, except as a minor consideration. Where the ties of kindred and long acquaintanceship lead the testator to choose the inexperienced wife or friend rather than the modern trust company the relative advantage to the beneficiaries will not justify a judicial veto on such choice."

The evidence as to the appellant's improvidence or dishonesty comes largely from statements made by him on his own examination. It may, at least, be inferred that the appellant had not successfully managed his private estate. He cannot remember how various pay-

ments, large for him, had been made. The word " improvidence," however, means more than this. It " refers to habits of mind and conduct which become a part of the man, and render him generally, and under all ordinary circumstances, unfit for the trust or employment in question." (*Emerson* v. *Bowers*, 14 N. Y. 449, 454.) There is nothing to show that Mr. McNulty is improvident in such a sense. Nor is there evidence of dishonesty. " The dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor." (*Matter of Latham*, 145 App. Div. 849, 854.)

It appears that a newspaper in New York published an article charging the appellant with such dishonesty. Its proprietor was thereafter indicted by the grand jury for criminal libel. The indictment was afterwards dismissed and the petit jury was directed to acquit the defendant. The appellant was not a party to that proceeding and the judgment entered is immaterial so far as he is concerned. It is claimed that the appellant misappropriated the funds of the Ancient Order of Hibernians of which he was a member and as a result he was expelled from the order. There is no evidence of such misappropriation and as a matter of fact he has been reinstated. He once held a mortgage which is said to have been forged. If there was forgery he is in no way connected with it. He began an action to foreclose such mortgage but it was settled upon his receiving the amount due thereon from some friend of the alleged forger. He gathered together a large number of cases against the city of New York in favor of street sweepers' who claimed extra compensation; there was recovered some $400,000 and he was given by the sweepers a small percentage of the recovery in recognition of his services. He conducted an exhibition under the auspices of the

Ancient Order of Hibernians in which he invested $10,000. He got that money back but there seems to have been no profits to be turned over to the order. He later conducted a second exhibition in which he lost $7,000. There is nothing in these transactions to show dishonesty on his part.

Because of the absence, therefore, of any evidence tending to show dishonesty or improvidence the order of the Appellate Division and the decree of the Surrogate's Court must be reversed and the proceedings remitted to the Surrogate's Court for further action, with costs in this court and in the Appellate Division to abide the result.

HISCOCK, Ch. J., POUND and McLAUGHLIN, JJ., concur; CARDOZO and CRANE, JJ., dissent; HOGAN, J., not voting.

Order reversed, etc.