In the Matter of the Estate of SARAH SCHWARTZ, Deceased.

Surrogate's Court, Bronx County, December 4, 1930.

Saul J. Dickheiser, for the petitioner.

Sanders & Green [Jacob N. Geffen of counsel], for the respondent.

HENDERSON, S. This is an application for appointment as administrator with limited authority for the purpose of instituting and prosecuting an action at law arising out of the death of the decedent. The decedent is survived by her husband and three infant children. A sister of the decedent, the guardian of one of the children, objects to the issuance of letters to the surviving husband on the ground that he is incompetent to serve as administrator by reason of improvidence. The decedent and her husband were living apart for two years prior to her death.

It appears that in October, 1929, the surviving husband was adjudged a disorderly person in the Family Court for failure to provide for the support of his wife and children. He was placed on probation and required to contribute to their support. The children do not desire to live with their father. In October, 1930, the Children's Court of Bronx county placed the children in the care and custody of the Hebrew Orphan Asylum and directed the surviving husband to pay toward their support and upkeep. Upon the death of the decedent the surviving husband was not located and the guardian arranged for the funeral and investigated the accident which caused the decedent's death. It is urged that for the reasons above set forth letters of administration should be denied the surviving husband and granted to the guardian of Pauline Schwartz, one of the children of the decedent.

The surviving husband is steadily employed and in addition to his salary does odd jobs in his spare time to augment his earnings. The court has no discretion in the appointment of an administrator. The statute clearly sets forth who shall be entitled to letters (Surr. Ct. Act, § 118). The application of the surviving husband can only be denied if he is incompetent to serve for one of the reasons set forth in section 94 of the Surrogate's Court Act. It is urged that failure to voluntarily provide for his family is improvidence or want of understanding as set forth in the statute as grounds for the denial of letters of administration. To be disqualified under the statute the improvidence must be such as to amount to lack of intelligence. In *Matter of Flood* (236 N. Y. 408, 411) the court gives a definition of the legal meaning of the word " improvidence." It quotes with approval the language in *Emerson* v. *Bowers* (14 N. Y. 449). The word " improvidence " as there defined refers to " habits of mind and conduct which become a part of the man, and render him generally, and under all ordinary circumstances, unfit for the trust or employment in question." Lack of appreciation of the moral obligation to voluntarily support his family does not render a man unfit to perform the duties of an administrator. Letters of administration with limited authority will be granted to the surviving husband. Settle decree accordingly.