### MARCUS v. McKEE et al.
### 5 Div. 148.

Supreme Court of Alabama.
Dec. 7, 1933.

G. C. Walker, of Clanton, and Huddleston, Glover & Jones, of Wetumpka, for appellant.

578

Reynolds & Reynolds, of Clanton, for appellees.

FOSTER, Justice.

A. W. Marcus died leaving a will and codicil, by which his sister Susie Marcus was the principal legatee. The other legatee, Martha Marcus, was also a sister who died before he did. She was named as an executrix together with his lawyer friend, who also died before his death. He left other married sisters, and nieces and nephews descendants of brothers and sisters. The share bequeathed to Martha Marcus, who died first, did not become subject to the will, but as to it he died intestate. Section 10591, Code; Woodroof v. Hundley, 147 Ala. 287, 39 So. 907; 4 Shouler on Wills, etc., § 3231.

This is a contest for letters of administration with the will annexed, between Susie Marcus and T. L. McKee, the husband of a niece.

 Under the terms of section 5737, Code, Susie Marcus was entitled to the appointment as a matter of right, unless she was disqualified under section 5730, Code. In this respect the probate judge has no discretion, but his duty is fixed by law, within the limits of section 5730, Code. Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; Crommelin v. Raoull, 169 Ala. 413, 53 So. 745;

Nichols v. Smith, 186 Ala. 587, 65 So. 30; Bell v. Fulgham, 202 Ala. 217, 80 So. 39.

 The general rule is that a person is not rendered incompetent because he claims individually property which ostensibly belongs to the estate. 23 C. J. 1027; In re Dolenty's Estate, 53 Mont. 33, 161 P. 524; Farnsworth v. Hatch, 47 Utah, 62, 151 P. 537; Matter of Gleason, 17 Misc. 510, 41 N. Y. S. 418; Matter of Bennett's Will, 60 Misc. 28, 112 N. Y. S. 592; In re Leland's Will, 219 N. Y. 387, 114 N. E. 854, 856; Welsh, Driscoll & Buck v. Buck, 64 Utah, 579, 232 P. 911; In re Flood's Will, 236 N. Y. 408, 140 N. E. 936.

"Appointment is not to be refused merely because the testator's selection [the one designated by statute, section 5737, Code of Alabama] does not seem suitable to the judge. Old age or bodily infirmities, lack of business experience and capacity, or ignorance of the law, do not disqualify. * * * The test of incompetency should be applied with caution to cases where inability intelligently to discharge the duties of the trust arises from bodily disease resulting in permanent impairment of mental and physical ability. * * * They [the courts] will not add disqualifications to those specified by the statute." By Pound, J., N. Y. Court of Appeals. In re Leland's Will, supra, approved in Re Flood's Will, supra. The incompetency fixed by the statute of New York, there dealt with, was by reason of drunkenness, dishonesty, improvidence, or want of understanding.

In our case of Kidd v. Bates, supra, mention is made of the fact that our statute is a substantial copy of the New York statute. It is there pointed out as in the New York case of Matter of Gleason, supra, that though an interest in conflict with that of the estate does not ordinarily disqualify an executor nor prevent the issuance of letters to him, his conduct in connection with such adverse claim may become such as to justify his removal. In line with that case and others cited in its opinion, the Utah Supreme Court has followed upon the basis of that distinction. Farnsworth v. Hatch, supra.

 There is no circumstance shown which reflects upon the conduct of Susie Marcus in connection with her adverse claim. She is asserting that a bank deposit was made by testator under such circumstances that at his death it became hers to the exclusion of the estate. The estate should be able to secure what is due it in that respect by legal proceedings now pending in court. It appears that she has sued the banks for the amount of the deposit in them respectively. One of the banks has filed an interpleader, in equity, and T. L. McKee, who has been appointed special administrator of the estate, has filed another suit in equity claiming the deposit in the other bank for the estate. We see nothing in the judicial assertion of her claim in a proceed-

ing in which her adversary seems to be taking a leading part in opposition to that claim which renders her disqualified to administer on the estate and dispose of it as directed by the courts having jurisdiction.

The probate court is without the power to weigh the relative qualifications of the two applicants, and choose between them. The statute is specific in fixing the right to administer in the principal legatee. That right is not lost because some heir of the estate is better qualified than she is.

The evidence shows that she and testator lived together on a farm, and that she did the housework usual to such life. That she was thrifty, and saved money from the sales of the product of her labor, which formed a part of the bank deposit. While she cannot read or write, there is no evidence to impeach her honesty, or physical or mental ability, with legal advice, to handle such matters as are properly the duty of an administrator of an estate of that sort. Bell v. Fulgham, supra.

The probate court found that she was improvident or had such a want of understanding as to render her incompetent to act as administrator. There is no material conflict in the evidence. We think the court must have required a degree of understanding beyond the requirements of the law, or given undue effect to her claim of the bank deposit. The existence and assertion of her claim to the bank account alone do not disqualify her. She has done nothing in connection with it which would result adversely to the estate, if it should be determined that the estate owns it.

The judgment of the probate court is therefore reversed and the cause is remanded to that court with direction to appoint Susie Marcus administratrix with the will annexed upon the execution of bond conditioned as required by law in the amount to be fixed by that court.

Reversed and remanded with directions.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.