155 So. 695

**JOHNSTON v. PIERSON.**

4 Div. 759.

Supreme Court of Alabama.

June 21, 1934.

J. W. Hicks, of Enterprise, A. K. Merrill, of Dothan, and J. C. Fleming, of Elba, for appellee.

Grant & Orme, of Troy, and J. C. Yarbrough, of Enterprise, for appellant.

FOSTER, Justice.

The record shows that Morgan P. Adams died intestate September 4, 1933, without a widow, descendants, or parents. His distributees and heirs consisted of two uncles and some cousins, one or more.

Within forty days after his death, one of the uncles, appellant, J. A. Johnston, and also the husband (G. F. Pierson) of a cousin, each separately, filed a petition for letters of administration. On the 26th of September, the probate judge appointed G. F. Pierson, but took no action as shown by the record on the petition of J. A. Johnston.

On the 28th of September, J. A. Johnston filed a petition to revoke the letters granted to G. F. Pierson, on the ground that petitioner had a prior right as the next of kin entitled to share in the distribution of the estate under section 5742, Code, as amended by Gen. Acts 1931, p. 649. That petition was heard on October 20th, when evidence was taken, which is practically without dispute. The court made a decree on that day denying the petition to revoke. On the same day, petitioner gave security for costs of an appeal to this court from the decree denying that petition. Appellee moves to dismiss the appeal because not taken from the decree of September 26th, appointing G. F. Pierson, as administrator, and more than thirty days have now expired since the rendition of that decree.

We think that certainly one fallacy of the contention made by appellee is in assuming that this appellant had the right to appeal from that decree, conceding that in fact the court had then considered the same matters

determined on the petition to revoke the letters issued to G. F. Pierson. This court has held that a decree on a petition to revoke letters issued to one not entitled to them in preference to petitioner is a decree on an application claiming the right to administer an estate, from which an appeal to this court may be prosecuted as provided by subdiv. 2 of section 6115, Code. Mitchell v. Duncan, 94 Ala. 192, 10 So. 331; Dunham v. Roberts, 27 Ala. 701.

In Mitchell v. Duncan, supra, the legal status was the same as here. There was no claim that under these circumstances an appeal would not lie, but the holding was that it must be taken within thirty days, in which an appeal must, then as now, be taken from a decree on an application to administer an estate.

The case of Dunham v. Roberts, supra, holds that the granting of the petition for letters to which another petitioner is not a party, without action on the latter's petition, justifies a petition to revoke, and an appeal from the decree denying it, though it is said an appeal could have been taken from a decree on the petition for letters had the court entered a decree denying it.

There was no decree rendered on September 26th, nor at any other time on the petition of appellant to be appointed administrator. That which was rendered on that day was not applicable to petitioner. He was not a party to it, and had no right to appeal. As said in Mitchell v. Duncan, supra, the purpose of his petition to revoke was to get rid of an obstacle in the way of his application for letters, which was still pending and undetermined. It was in a way making himself such a party to the petition of G. F. Pierson as to justify an appeal by him.

In the decree denying the motion to revoke, the court refers to what occurred at the hearing of the petition of G. F. Pierson. But those matters do not otherwise appear of record. Although the court may then have verbally denied the petition of appellant, and although appellant may have participated in that hearing by having his petition submitted at the same time, nothing so appears of record. But it shows an ex parte hearing and a decree from which appellant could not appeal as matters then appeared. A different statement of what occurred, manifested by the last decree, is only effective for the purpose of that decree. That decree is the only one from which appellant could appeal, in so far as the record shows. The motion to dismiss the appeal is overruled.

■ In respect to enforcing the preferential right to administer as declared by section 5742, Code, as amended by Gen. Acts 1931, p. 649, the probate court has no discretion. It may not weigh the relative qualifications of two applicants and choose between them, when one has a statutory preference. The right is not lost because one not in the same preferred class may be found by the court to be better qualified, unless the one who is preferred is disqualified under section 5730, Code. Marcus v. McKee, 227 Ala. 577, 151 So. 456; Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; Crommelin v. Raoull, 169 Ala. 413, 53 So. 745; Nichols v. Smith, 186 Ala. 587, 65 So. 30; Bell v. Fulgham, 202 Ala. 217, 80 So. 39.

The evidence shows appellant is not thus disqualified, and no contention is made otherwise.

■ It is immaterial that the estate is insolvent, and that there may be nothing for distribution to the next of kin. There is no such statutory qualification. This matter is controlled by statute.

■ The degree of kindred must be computed in Alabama according to the rules of the civil law. Section 7368, Code. The civil-law rule is to begin with the intestate and ascend from him to a common ancestor, and descend from that ancestor to the claimant, reckoning a degree for each generation both in ascending and descending. Brown v. Hay, 1 Stew. & P. 102; Danzey v. State, 126 Ala. 15, 28 So. 697; Pinkston v. Semple, 92 Ala. 564, 9 So. 329; 18 C. J. 823, § 28.

■ When so considered, appellant, an uncle of decedent, is in the third degree, and Mrs. Pierson, a first cousin, wife of G. F. Pierson, is in the fourth degree. Appellant has a preference over Mr. and Mrs. Pierson, under section 5742, Code, as amended by Gen. Acts 1931, p. 649. Since he is not disqualified under section 5730, Code, he is entitled to the appointment which the court has no discretion but to enforce.

The decree of the probate court denying the petition of appellant to revoke the appointment of G. F. Pierson and to appoint appellant administrator of the estate of Morgan P. Adams is reversed, and a decree is here rendered revoking the appointment of G. F. Pierson, and the cause is remanded to the probate court, with direction to appoint appellant as such administrator upon the execution of bond conditioned as required by law in an amount to be fixed by that court.

.Reversed, rendered, and remanded, with instructions.

THOMAS, BOULDIN, and BROWN, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes