199 So. 846

## CALVERT v. BECK.

### 6 Div. 761.

Supreme Court of Alabama.

Jan. 16, 1941.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellee.

LIVINGSTON, Justice.

The sole question presented for review by this record is, the priority of the right to administer the estate of Albie Ann Calvert, who died on September 6, 1940, a resident of Blount County, Alabama.

On September 18, 1940, Herman Beck, the appellee, and who is the husband of a niece of Albie Ann Calvert, deceased, filed his petition in the Probate Court of Blount County asking for a grant of letters of administration on the estate of said decedent. On the same day letters were issued in accordance with the prayer of the petition.

On September 27, 1940, J. B. Calvert, the appellant, and a brother of the whole blood of Albie Ann Calvert, filed two petitions in the Probate Court of Blount County; one praying for a grant of letters of administration to himself on the estate of Albie Ann Calvert, deceased, and the other praying for a revocation of letters previously issued to Herman Beck, and for a grant of such letters to himself. Herman Beck filed a motion to strike the petition last above mentioned. The motion and the petition to which it was addressed were heard on October 17, 1940, and resulted in a judgment granting the motion of appellee, Beck. Calvert appeals.

It will be observed that the petitions of both Beck and Calvert, praying for letters of administration on the estate of Albie Ann Calvert, deceased, were filed within forty days from the death of the intestate, as was also the petition of Calvert praying for a revocation of the letters theretofore granted to Beck.

In respect to enforcing the preferential right to administer, as declared by section 5742, Code, as amended by Acts of 1936, Extra Session, page 29, the Probate Court has no discretion. It may not weigh the relative qualifications of two applicants and choose between them when one has a statutory preference. The right is not lost because one not in the same preferred class may be found by the court to be better qualified, unless the one who is preferred is disqualified under section 5730, Code. Johnson v. Pierson, 229 Ala. 85, 155 So. 695; Marcus v. McKee, 227 Ala. 577, 151 So. 456; Kidd v. Bates, 120 Ala. 79, 23 So. 735, 41 L.R.A. 154, 74 Am.St.Rep. 17; Crommelin v. Raoull, 169 Ala. 413, 53 So. 745; Nichols v. Smith, 186 Ala. 587, 65 So. 30; Bell v. Fulgham, 202 Ala. 217, 80 So. 39.

The degree of kindred must be computed in Alabama according to the rules of the civil law. Section 7368, Code of 1923. In such computation, the rule is to begin with the intestate and ascend from him or her to a common ancestor, and descend from that ancestor to the claimant, reckoning a degree for each generation both in ascending and in descending. Brown v. Hay, 1 Stew. & P. 102; Danzey v. State, 126 Ala. 15, 28 So. 697; Pinkston v. Semple, 92 Ala. 564, 9 So. 329; 18 Corpus Juris, 823, section 28.

When so considered and computed in this cause, appellant, Calvert, a brother of the whole blood of decedent, is in the second degree, and Beck, the appellee, the husband of a niece of decedent, is in the third degree. Appellant therefore has a preference over Mr. and Mrs. Beck under section 5742, as amended by the Acts of 1936, Extra Session, page 29. Since appellant is not disqualified under section 5730, Code, he is entitled to the appointment, in which the court has no discretion but to enforce.

The decree of the Probate Court denying the petition of appellant to revoke the appointment of Herman Beck and to appoint appellant administrator of the estate of Albie Ann Calvert, deceased, is reversed, and one is here rendered revoking the appointment of Herman Beck, and the cause is remanded to the Probate Court with direction to appoint appellant as such administrator upon the execution of bond conditioned as required by law in an amount to be fixed by that court.

Reversed, rendered and remanded with instructions.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.