BLOODWORTH, Justice.
The question in this case is whether the Probate Court of Madison County, Alabama, erred in denying a granddaughter’s petition for letters of administration and in granting a son’s petition, holding that the son had a preference since he was in a closer degree of kinship to the intestate than was the granddaughter. We hold the Court did not err and affirm.
Pinkie Maples Worley died intestate on January 7, 1978, leaving real and personal property. She and her husband, Oscar Worley, who predeceased her, had three children: W. H. Worley, the appellee, Lilli *1068 an Worley, and Leonard Worley. Lillian predeceased Pinkie, leaving no descendants. Leonard also predeceased his mother, leaving a daughter, Nancy Lillian Worley, the appellant. Both the son and the granddaughter filed petitions for letters of administration on Pinkie’s estate. The court denied the granddaughter’s petition, and she appeals.
The basis of the granddaughter’s appeal is that the probate court erred in granting letters of administration to the son because he is in a closer degree of kinship to the intestate, as determined by the rules of civil law. She contends that when both petitioners are in the class next of kin as determined by the laws of descent and distribution, priority should be determined by the inheritable interests of the parties. Her contention is that under the laws of descent and distribution, she and the son would each inherit one-half of the property and would each have an equal right to administer the estate, and the court should have appointed them both as co-administrators.
The statute establishing the order of grants of letters of administration is found in § 43-2-42 (Code 1975), which states in pertinent part as follows:
“(a) Administration of an intestate’s estate must be granted to someone of the persons herein named if willing to accept and satisfactory to serve in the following order:
(1) The husband or widow.
(2) The next of kin entitled to share in the distribution of the estate.
(3) The largest creditor of the estate residing in this state.
(4) Such other person as the judge of probate may appoint.”
Both petitioners claim the right to administer under subsection (a)(2).
In an unbroken line of authority in this state since 1831, the next of kin entitled to a preference in the administration of an estate has been held to be that person in the nearest degree of kinship to the intestate as determined by the rules of civil law. Brown v. Hay, 1 Stew. & P. 102 (Ala.1831). Thus, in Brown, a father, being in the first degree of kinship, was entitled to a preference over sisters (or their husbands), being in the second degree of kinship. This rule has been consistently followed by this court. E. g., Calvert v. Beck, 240 Ala. 442, 199 So. 846 (1941) (brother preferred over niece); Johnston v. Pierson, 229 Ala. 85, 155 So. 695 (1934) (uncle preferred over first cousin); Nichols v. Smith, 186 Ala. 587, 65 So. 30 (1914) (father preferred over grandmother or sister).
The granddaughter acknowledges that this has been the rule in Alabama, but contends that it was changed by Loeb v. Callaway, 250 Ala. 524, 35 So.2d 198 (1948). She cites this case for the proposition that “the next of kin entitled to share in the distribution of the estate” who receives a preference in administration is to be determined by the laws of descent and distribution, not by the rules of civil law. Next of kin, in the context of descent and distribution, means those entitled to inherit under the law, whether or not there is a blood relation. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424 (1946).
Loeb v. Callaway is not applicable to the issue here presented, however, since there the court dealt with the preferential right of the next of kin over a creditor when there is no property which the next of kin could inherit. In resolving this issue, the court held that the next of kin designated in the administration statute “is one of those of that preferred class who under the law would inherit from the decedent if there should be assets discovered and distributable.” The Loeb rule holds that the existence of the next of kin entitled to a preference is not to be determined by the presence or character of distributable property, but by the right to inherit if there is property. The rule that preference is given to the person in the nearest degree of kinship as determined by the rules of civil law was not altered by that case.
We hold that next of kin, as used in § 43-2-42 (Code 1975), means that person in the closest degree of kinship as determined by the rules of civil law. In this case, the son, being in the first degree of *1069 kinship, is entitled to a preference over the granddaughter, who is in the second degree of kinship.
For the foregoing reasons, this cause is due to be affirmed, and the motion to dismiss denied.
MOTION TO DISMISS DENIED.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.