### In re RIEDE.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. EXECUTORS AND ADMINISTRATORS (§ 18*)—LETTERS TESTAMENTARY—QUALIFICATIONS.

That one applying for letters testamentary has no worldly wealth is not of itself a controlling ground for denying letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 62; Dec. Dig. § 18.*]

2. EXECUTORS AND ADMINISTRATORS (§ 27*)—LETTERS TESTAMENTARY—APPEAL—EFFECT.

Under the express provisions of Code Civ. Proc. § 2582, an appeal from a surrogate's decree admitting a will to probate does not stay the issuing of letters, where, in the surrogate's opinion, manifested by an order, the preservation of the estate requires the issuance of the letters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 174; Dec. Dig. § 27.*]

Appeal from Surrogate's Court, Kings County.

Application by Lizzie Riede for letters testamentary under the will of Mary E. Donnelly, deceased. From an order directing the issuance of letters, Elizabeth McGowan appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, RICH, and CARR, JJ.

Thomas J. Farrell, for appellant.
Monte London, for respondent.

RICH, J. Elizabeth McGowan, one of four heirs at law and next of kin of Mary E. Donnelly, deceased, appeals from an order of the Surrogate's Court of Kings county, which directed that letters testamentary issue to the respondent as executrix under the will of the testatrix. The record does not show the contents of the will, or who was entitled to take thereunder. It appears, however, that after a contest the will was admitted to probate, and from the decree accordingly entered Elizabeth McGowan has appealed to this court.

Upon the application for letters it appeared that the appellant took possession of the decedent's property upon her death, and now retains it; that the petitioner did not know the value of the estate, and desired an accounting and possession of the property of her testatrix. The affidavit of the appellant states that the estate consisted of money

---

in several savings banks, stock of the Ninth Avenue Railroad Company, jewelry, and household furniture. It also alleged:

"That said Lizzie Riede's circumstances are such that they do not afford adequate security to the creditors or persons interested in said estate. * * * Deponent further says that said Lizzie Riede is a person of absolutely no financial responsibility."

These allegations are both conclusions, and no facts are alleged to sustain them. Mrs. Riede's character, honesty, thrift, integrity, and business capacity were not challenged, and there is only the suggestion of financial irresponsibility. The absence of worldly wealth is not of itself a controlling ground for denying letters. The intention to appeal, or appeal itself, did not deprive the surrogate of the power to issue letters. Section 2582 of the Code of Civil Procedure provides:

"An appeal from a decree of a surrogate, admitting a will to probate, * * * does not stay the issuing of letters, where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters should issue."

It follows, therefore, that the order of the Surrogate's Court must be affirmed, with $10 costs and disbursements. All concur.