In the Matter of Proving the Last Will and Testament of FRANCIS L. LELAND, Deceased.
LALETTA LELAND and Others, Appellants; TIMOTHY M. CHEESMAN, Respondent.

In the Matter of Proving the Last Will and Testament of FRANCIS L. LELAND, Deceased.
LOUIS F. LELAND and FRANK R. LELAND, Appellants; TIMOTHY M. CHEESMAN, Respondent.

First Department, November 3, 1916.

Surrogate's Court — effect of appeal from order overruling objections to issuance of letters testamentary made upon ground that executor is incompetent — when alleged incompetent should not be granted letters — when appointment of temporary administrator proper — temporary administrator rendered unnecessary by decision that executor is incompetent — administrator with will annexed.

A perfected appeal from an order of the Surrogate's Court, overruling objections to the issuance of letters testamentary, made upon the ground that the executor named in the will was disqualified to act by reason of mental deficiency, stays the proceedings, and it is improper for the court to issue letters testamentary to the executor. On the contrary, it should have appointed a temporary administrator, pursuant to section 2596 of the Code of Civil Procedure.

But where the Appellate Division on another appeal decides that the executor named is disqualified to act, so that his appointment becomes impossible, there is no need for the appointment of a temporary administrator, but the Surrogate's Court should be ordered to appoint an administrator with the will annexed.

SEPARATE APPEALS by Laletta Leland and others, and by Frank R. Leland and another, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 20th day of July, 1916, granting the application of the respondent for the issuance of letters testamentary to him as executor of the last will and testament of Francis L. Leland, deceased, pending an appeal from a former decree directing the issuance of said letters and overruling objections to the qualification of the respondent as executor.

Appeal by Louis F. Leland and another from an order of said Surrogate's Court, entered in the office thereof on the 20th day of July, 1916, denying the application of the appellants for the appointment of the United States Trust Company of New York as temporary administrator of the estate of Francis L. Leland, deceased.

*Robert C. Beatty*, for the appellants.

*L. Laflin Kellogg* [*William K. Hartpence* with him on the brief], for the respondent.

LAUGHLIN, J.:

The decree of the Surrogate's Court overruling the objections interposed by the widow and children of the testator to the qualification of the executor and granting letters testamentary to him was entered on the 12th day of July, 1916. Before the issuance of letters pursuant to said decree separate appeals therefrom were perfected by the widow and two sons, and by the other son and the daughter of the testator. The learned counsel for appellants contends that said appeals stayed the issuance of letters testamentary pursuant to said decree of July 12, 1916, by virtue of the provisions of section 2557 of the Code of Civil Procedure, and that in the event that the surrogate determined that the administration of the estate

First Department, November, 1916. [Vol. 175.

required it, he was authorized to issue letters of temporary administration pursuant to the provisions of section 2596 of the Code of Civil Procedure. Louis F. Leland and Frank R. Leland, two of the sons of the testator, then made a motion for the appointment of the United States Trust Company as temporary administrator, from the denial of which they have appealed. At the same time the executor moved to have letters testamentary issued to him pending the appeals from said decree of July 12, 1916, on the theory that this was authorized by the provisions of section 2557 of the Code of Civil Procedure; and from the order granting this motion the widow and children of the testator have appealed.

Said section 2557 of the Code of Civil Procedure provides, among other things, as follows: "An appeal from a decree of a surrogate admitting a will to probate, or granting letters testamentary, or letters of administration, * * * does not stay the issuing of letters where, in the opinion of the surrogate manifested by an order, the preservation of the estate requires that the letters should issue." It is, however, further provided in that section, as follows: "Except as otherwise expressly prescribed in this chapter a perfected appeal has the effect, as a stay of the proceedings to enforce the decree or order appealed from, prescribed in section 1310 of this act, with respect to a perfected appeal from a judgment." The propriety of appointing some one to preserve the estate is not in dispute. The controverted question is whether it was proper to appoint the executor pursuant to the provisions of said section 2557 of the Code of Civil Procedure, or whether a temporary administrator should have been appointed pursuant to the provisions of section 2596 of the Code of Civil Procedure, which provides, among other things, as follows: "On the application of a creditor, or a person interested in the estate, the surrogate may, in his discretion, issue to one or more persons letters of temporary administration, in either of the following cases: 1. When, for any cause, delay necessarily occurs in the granting of letters testamentary, or letters of administration, or in probating a will. * * *." It is contended by the learned counsel for the respondent that said section 2596 has no application, for the reason that there was no delay in

granting letters testamentary. They argue that the letters were granted by the decree of July 12, 1916, although the issuance thereof was stayed by the appeals therefrom. That would be a narrow and unreasonable construction of the provisions of the Code. Here delay necessarily occurred in granting the letters, which as used in said section 2596 means the issuing of the letters. The administration of the estate is not aided by the mere fact that a decree has been made authorizing the issuance of letters, if the issuance of the letters is stayed. It is argued in behalf of the appellants that the issuance of letters to the executor whose qualifications are involved on the appeals from the decree of July 12, 1916, constituted an improper exercise of the authority or discretion vested in the surrogate. Since the sole question involved on the appeals which stayed the issuance of the letters is whether the executor was qualified, it being claimed by the appellants that he was incompetent to serve, we are of opinion that the surrogate erred in issuing letters to him, and should have appointed a temporary administrator, pursuant to the provisions of said section 2596 of the Code of Civil Procedure. Under letters issued pursuant to the provisions of said section 2557 of the Code of Civil Procedure, the executor, who it is claimed is incompetent, and, therefore, ineligible, would have all the powers possessed by an executor ordinarily, excepting the power to sell real property or to pay legacies or to distribute the unbequeathed property of the decedent, until after the final determination of the appeals. (Code Civ. Proc. § 2560.) The authority of a temporary administrator, however, is quite limited, and is confined to taking possession of the personal property, to securing and preserving it, and to collecting choses in action, and to selling the personal property for the benefit of the estate only upon notice to all parties who have appeared and by order of the surrogate, and to paying the funeral expenses and expenses of administration and legacies by like order. (Code Civ. Proc. § 2597.) The United States Trust Company is the sole trustee of certain trusts in the will, and after administration by the executor the residuary estate is payable to the trust company. The learned surrogate in his opinion states that "if any temporary administration were

First Department, November, 1916.          [Vol. 175.

necessary, the United States Trust Company would be an emi-nently proper appointment." There is, therefore, no necessity for a further hearing, and since we are of opinion that a tempo-rary administrator should have been appointed, the motion for issuance of letters to the executor should be denied, but the motion for the appointment of a temporary administrator need not be granted now, for, since there is no executor willing and qualified to act, the appointment should be of an administrator with the will annexed.   (See Code Civ. Proc. § 2603.)

The orders appealed from should, therefore, be reversed, with ten dollars costs and disbursements to the appellants payable out of the estate, and the proceedings remitted to the Surro-gate's Court for further action, in accordance with this opinion.

CLARKE, P. J., McLAUGHLIN, DOWLING and PAGE, JJ., concurred.

Orders reversed and proceedings remitted to Surrogate's Court.