In the Matter of Proving the Will of FRANCIS L. LELAND, Deceased.

LALETTA LELAND et al., Respondents; TIMOTHY M. CHEESMAN, Appellant.

Appeal — Surrogates' Courts — power of Appellate Division, when appeal is taken from decision of Surrogate's Court, upon the facts, to decide such facts and make a final determination of the controversy — will — persons incompetent to receive letters testamentary — construction of statute declaring who is incompetent to serve as an executor (Code Civ. Pro. § 2564) — when letters testamentary may be denied to one incapacitated by illness from performing duties of executor.

1. The provision of section 1317 of the Code of Civil Procedure which authorizes the Appellate Division to render final judgment in certain cases has to do with appeals in general and is not inconsistent

with the provisions of section 2763, authorizing the appellate court to reverse, affirm or modify the decree or order appealed from. When the facts, so far as developed before the surrogate, are undisputed, the Appellate Division may make a final determination of the controversy.

2. Testator nominated three executors, one of whom predeceased him, another renounced the appointment and the appointment of the third was objected to on the ground that such executor was incapacitated by the impairment of his physical and mental powers, caused by paralysis, from performing the duties of sole executor of the estate. *Held*, that the order of the Appellate Division holding the executor incompetent is appealable and presents the question of law whether the words "want of understanding" as used in the statute (Code Civ. Pro. § 2564) imply an entire lack of mental capacity. *Held, further*, that while old age or bodily infirmities, lack of business experience and capacity, or ignorance of the law do not disqualify, the words of section 2564 are more than a mere restatement of the common-law disability of imbeciles and lunatics; that the Surrogate's Court should not grant letters to an unadjudged incompetent, nor to one unable, by reason of incurable bodily disease, to understand the duties of a given trust sufficiently to safeguard the interest of the living, and that the order of the Appellate Division should be affirmed.

*Matter of Leland*, 175 App. Div. 62, affirmed.

(Argued December 4, 1916; decided December 15, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 3, 1916, which reversed a decree of the New York County Surrogate's Court overruling objections to the grant of letters testamentary to the petitioner and granting letters testamentary to him; said order of reversal appealed from did not grant a new trial, but remitted the proceedings to the Surrogate's Court to proceed in accordance with the opinion of the Appellate Division, which opinion determined that the petitioner was in fact and in law incompetent to execute the duties of the trust of executor under said will by reason of want of understanding.

The facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *William K. Hartpence* for appellant. The order of the Appellate Division appealed from is a final order in a special proceeding and is appealable to this court as a matter of right. (Code Civ. Pro. §§ 190, 1237; *Matter of City of New York*, 216 N. Y. 489; *Matter of Tilden*, 98 N. Y. 434; *Matter of Hunt*, 110 N. Y. 278; *Matter of Wilcox*, 131 N. Y. 610; *Matter of Bergdorf*, 206 N. Y. 309; *Matter of White*, 208 N. Y. 64; *Matter of Mercantile Trust Co.*, 210 N. Y. 83; *Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Matter of Phipps*, 214 N. Y. 378; *Matter of Townsend*, 215 N. Y. 442.) The right of a testator to direct who shall have the care and management of his estate and the right of a person named in the will as an executor to act as such are both absolute legal rights, and the courts are required to give effect to the provision designating executors the same as any other legal provision of the will. (*Hartnett* v. *Wandell*, 60 N. Y. 346; *Matter of Bergdorf*, 206 N. Y. 309; *Matter of Latham*, 145 App. Div. 849; *McGregor* v. *McGregor*, 1 Keyes, 133; *Matter of Maccaffil*, 57 Misc. Rep. 264; *Emerson* v. *Bowers*, 14 N. Y. 449; *Matter of Brickman's Estate*, 152 N. Y. Supp. 542; *Matter of Campbell*, 192 N. Y. 312.) The court below erred in its construction of the statute as to the kind and degree of want of understanding which, under the statute, is sufficient to disqualify an executor nominated and appointed by the testator. (*Hartnett* v. *Wandell*, 60 N. Y. 346; *Matter of Bergdorf*, 206 N. Y. 309; *Matter of Shilton*, 1 Tucker, 73; *Matter of Berrien*, 3 Dem. 263; *Matter of Clark*, 175 N. Y. 139; *Matter of Case*, 214 N. Y. 199; *Gates* v. *Dudgeon*, 173 N. Y. 426; 72 App. Div. 562; *Matter of Bielby*, 91 Misc. Rep. 353; *Roe* v. *Smith*, 42 Misc. Rep. 89.)

*Robert C. Beatty, William A. Purrington* and *Jesse Grant Roe* for respondents. The statute forbids the granting of letters to any one who is incompetent to

execute the duties of the trust by reason of want of understanding, which is a reletive term and includes cases of mental impairment from brain injuries such as apopletic strokes. (Code Civ. Pro. § 2564; *McGregor* v. *McGregor*, 1 Keyes, 133; Croswell on Executors 103, 104; *Damarell* v. *Walker*, 2 Redf. 198; *Matter of Cohn*, 78 N. Y. 248; *McMahon* v. *Harrison*, 6 N. Y. 443; *Matter of Robitaille*, 78 Misc. Rep. 108; *Hayes* v. *Candee*, 75 Conn. 131; *Matter of Daniels*, 140 Cal. 335; *Shelby* v. *Farve*, 33 Okla. 651; *Overall* v. *Avant*, 46 S. W. Rep. 1031; *Matter of Courtney*, 31 Mont. 625.) An executor is nominated to perform personally the duties of the trust of administering the estate; so public policy requires that no one incompetent to perform such trust should be intrusted with it. (*Matter of Cady*, 36 Hun, 122; 103 N. Y 678; *Wood* v. *Wood*, 4 Paige, 299; *Freeman* v. *Kellogg*, 4 Redf. 218; *Martin* v. *Duke*, 5 Redf. 597; *Matter of Binghamton Trust Co.*, 87 App. Div. 26; *Matter of Lester*, 172 App. Div. 509; *Cook* v. *Lowry*, 95 N. Y. 103; *Stevens* v. *Melcher*, 152 N. Y. 551.)

POUND, J. Francis L. Leland executed his will on April 23, 1914, and died on March 28, 1916. He left a large estate embarked in active enterprises. He named three executors, but one predeceased him and another renounced his appointment. Objections were filed by respondents in the Surrogate's Court of New York county to the qualifications of the remaining executor, Timothy M. Cheesman, the appellant herein, and to the granting of letters to him. These objections were based on the consideration that appellant, who is a retired physician, sixty-three years of age, had suffered two strokes of apoplexy, one on February 17, 1914, and another on December 23, 1915, resulting in partial paralysis, which had so seriously impaired his physical and mental powers as to incapacitate him permanently for the active work of sole executor of this estate. The provisions of section

2564 of the Code of Civil Procedure on which appellant relies are as follows:

"§ 2564. Persons incompetent to receive letters, or act as testamentary trustee.

"No person is competent to serve as an executor, administrator, testamentary trustee or guardian, who is:

"1. Under the age of twenty-one years;

"2. An adjudged incompetent;

"3. An alien not an inhabitant of this state;

"4. A felon;

"5. Incompetent to execute the duties of such trust by reason of drunkenness, dishonesty, improvidence or want of understanding."

The learned surrogate held that only imbeciles and lunatics were disqualified to serve as executors "by want of understanding;" that as Dr. Cheesman was not incompetent to manage himself or his affairs by reason of lunacy or idiocy, he was not disqualified by his illness from executing the duties of a trust and that the nature and extent of the duties to be discharged in a particular case were not to be considered in determining the question of competency. (*Matter of Leland Estate*, 96 Misc. Rep. 419.) The Appellate Division on appeal held unanimously that the surrogate is authorized to withhold letters testamentary from one who, on account of any mental infirmity, is unfit to discharge the duties of the trust, reversed the order appealed from and remitted the proceeding to the Surrogate's Court for further action in accordance with its opinion (*Matter of Leland Estate*, 175 App. Div. 62; 161 N. Y. Supp. 316), whereupon Dr. Cheesman appealed to this court.

The first question raised has to do with the power of the court below to make a final determination of the controversy. Appellant contends that it was required to grant a rehearing, and that it should not have made a final disposition of the question. Section 1317 of the Code of Civil Procedure, as amended to take effect September 1,

1912, authorizes the Appellate Division to render "final judgment upon the right of any or all of the parties, * * * except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing." Section 2763 of the Code of Civil Procedure, relating to appeals from Surrogates' Courts, provides that " where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact, which the surrogate had." The court below exercised its appellate jurisdiction by reversing the decree of the surrogate and its original jurisdiction by denying the application of Dr. Cheesman for letters testamentary (*Matter of Totten,* 179 N. Y. 112.) Section 1317 has to do with appeals in general. It is not inconsistent with the further provisions of section 2763, which read: " the appellate court may reverse, affirm, or modify, the decree or order appealed from, * * * and it may, if necessary or proper, grant a new trial or hearing." The facts in this case, so far as developed before the surrogate, are undisputed and the Appellate Division was within its powers in disposing of the question on the facts.

. The appeal to this court from the order of reversal of the Appellate Division was proper (*Matter of Union Trust Co.,* 172 N. Y. 494), and the order was a final order so far as the appellant is concerned, as his rights were finally disposed of by the order appealed from.

As the reversal was upon the facts as well as the law, if there is a material question of fact involved, we cannot consider the action of the Appellate Division in determining it, for we are confined by the Constitution to questions of law. (*Matter of Thorne,* 162 N. Y. 238.) If, however, the learned surrogate is correct in his interpretation of the statute, Dr. Cheesman, who is not an idiot or a lunatic, is not disqualified by want of understanding. No other inference was possible from the uncontradicted evidence, no question of fact was presented to the surrogate and a question of law remains for our consideration.

If, on the other hand, the Appellate Division is correct in its interpretation of the statute, the established facts permit the inference that Dr. Cheesman is disqualified by want of understanding and a question of fact arises, the determination of which we have no power to review, although a different inference might be drawn from the same facts. (*Matter of Totten*, 179 N. Y. 112, 116.) The question of law is thus presented whether "want of understanding" as used in section 2564 of the Code of Civil Procedure implies an entire lack of mental capacity.

It may be broadly stated that the common law favors the rule that no restriction should be placed upon the choice of an executor, even though unsuitable persons are allowed to exercise the trust to the possible prejudice of creditors and legatees. Modern legislation enlarges the control of probate courts over improper testamentary appointees. In New York the necessary qualifications of an executor are described with minuteness. (Code Civil Procedure, §§ 2564–2567.) But the testator still enjoys the right to determine who is most suitable among those legally qualified to settle his affairs and execute his will, and his solemn selection is not lightly to be disregarded. Appointment is not to be refused merely because the testator's selection does not seem suitable to the judge. Old age or bodily infirmities, lack of business experience and capacity, or ignorance of the law, do not disqualify; but the words of section 2564 are more than a mere restatement of the common-law disability of imbeciles and lunatics. The test of incompetency should be applied with caution to cases where inability intelligently to discharge the duties of the trust arises from bodily disease resulting in permanent impairment of mental and physical ability. (*Thayer* v. *Homer*, 11 Metc. 104, 110; *McGregor* v. *McGregor*, 1 Keyes, 133.) The courts will not undertake to make a better will nor name a better executor for the testator. They will not add disqualifications to those specified by the statute, nor disregard testator's wishes by

too liberal an interpretation of the specific disqualifications, nor consider the size and condition of the estate, except as a minor consideration. Where the ties of kindred and long acquaintanceship lead the testator to choose the inexperienced wife or friend rather than the modern trust company the relative advantage to the beneficiaries will not justify a judicial veto on such choice. Every executor is entitled to have the aid of counsel learned in the law. The Surrogate's Court should not, however, grant letters to an unadjudged incompetent, nor to one unable, by reason of incurable bodily disease, to understand the duties of a given trust sufficiently to safeguard the interest of the living. Reasonable men might reasonably differ in the application of this rule to the appellant, particularly if he had been named as sole executor by the testator with full knowledge of his present condition. As the rule of law laid down by the court below was the correct rule, we cannot question its application to the facts.

The order appealed from should be affirmed, with costs payable out of the estate.

HISCOCK, CHASE, COLLIN and CUDDEBACK, JJ., concur; HOGAN, J., dissents; WILLARD BARTLETT, Ch. J., absent.

Order affirmed.