In the Matter of Proving the Last Will and Testament of EUGENE J. FLOOD, Deceased, as a Will of Real and Personal Property.

PATRICK J. MCNULTY, Executor, etc., Appellant; SUSIE E. MURRAY and Another, Respondents.

*Wills — letters testamentary refused executor named in will, because of unfitness.*

Appeal by Patrick J. McNulty from so much of a decree of the Surrogate's Court of New York county, entered in said Surrogate's Court July 1, 1922, as adjudges that the appellant is not entitled to letters testamentary upon the decedent's will, and refuses the issuance of letters testamentary herein.

Decree affirmed, with costs. No opinion. Present — Dowling, Smith, Page, Merrell and Finch, JJ.; Dowling and Finch, JJ., dissenting.

FINCH, J. (dissenting): The record shows that the testator did the natural thing in appointing his bosom friend and companion. He had the right to choose whom he wished to carry out his plan in regard to the disposition of his estate, and his selection is not lightly to be disregarded; appointment is not to be refused merely because the testator's selection does not seem suitable to the judge.   (*Matter of Leland*, 219 N. Y. 387.)   Under statutory provisions* and the authorities nothing less than mental or physical disability such as to render the appointee of the testator incapable of understanding or performing the duties of the trust, or of dishonesty in money matters, from which it might be inferred that the executor might put the estate in jeopardy, is sufficient to justify a denial of the issuance of letters testamentary to him.   (*Matter of Leland, supra; Matter of Latham*, 145 App. Div. 849.)   There is no evidence to show these conditions, and I am, therefore, of the opinion that the decree of the surrogate should be reversed.

---

* See Surr. Ct. Act, § 94; re-enacting Code Civ. Proc. § 2564, as amd. by Laws of 1914, chap. 443: formerly Code Civ. Proc. § 2612, as added by Laws of 1893, chap. 686; Laws of 1873, chap. 79, amdg. 2 R. S. 69, § 3.— [REP.