S. Samuel Di Falco, S.
The will of the testatrix has been admitted to probate but the issuance of letters testamentary has been stayed pending a determination of the objections to the qualification of the executrix. At the opening of the trial of that issue, a motion was made to dismiss the objections on the ground that they failed to state proper grounds of disqualification as specified in section 94 of the Surrogate’s Court Act.
The written objections do contain allegations which in no way point to the disqualification of the nominated executrix. The alleged ‘ ‘ individual conflict of interest [of the executrix] with that of deponent and deponent’s child ” raises no issue. The allegations of “ openly exhibited hostility” to objectant and her child, and the allegations respecting ambiguities in the will raise no triable issue in respect of the fiduciary’s qualifications under section 94.
The objections also allege that prior to the decedent’s death she gave to the nominated executrix her entire interest in a profitable business which had been owned by the decedent. It appears that the will bequeaths the business- to the executrix, who is a sister of the decedent. The objections charge that the business should be transferred by the executrix to the estate, and that the executrix would be placed in a position where she would be under obligation to prosecute a cause of action against herself individually. The objections also charge that, there are ambiguities in the will respecting the gift of the business. The papers do not furnish any reason why the person appointed as fiduciary should institute proceedings to compel the return of the business by the decedent’s sister. This is a charge which is not amplified in the pleadings. However, even if it be a fact that the decedent placed her sister in a position where her individual interests and her executorial duties may *293 come in conflict, the court would not be justified in annulling the decedent’s appointment of her sister on that ground. In Matter of Foss (282 App. Div. 509, 513) the Appellate Division said:
“ It would be a serious matter to make any claim of conflict of interest a ground for disqualifying designated executors. Not only would it threaten to substitute the legatees’ desires and views for the views of the testator, it would also undoubtedly engender a multitude of proceedings. Pew estates would be certain to be free from such attack. Many estates would be subjected to extended proof taking to determine whether the claimed conflict in fact existed.
“ Misconduct, not conflict in interest, merits removal of a fiduciary (Surrogate’s Ct. Act, § 99). The statute provides for resolving claims between the estate and its representative (Surrogate’s Ct. Act, § 209). This is reasonable. Any other view would automatically disqualify from appointment as executor a partner, a joint owner of property, a legatee, a creditor, a debtor, a distributee, a spouse, or one who is a party to an executory contract with the testator. Pew would remain eligible. ’ ’
The objection to the qualification of the executrix on the ground of conflict of interest is dismissed.
The objections charge in general terms that the nominated executrix ‘ ‘ lacks the competence, integrity, understanding and impartiality to qualify as executrix.” The courts have consistently held that section 94 of the Surrogate’s Court Act specifies all the grounds of disqualification of a fiduciary, and that the courts cannot add to the disqualifications therein specified nor disregard a testator’s wishes by too liberal an interpretation of the grounds of disqualification. Despite the fact that the objections do not “contain a plain and concise statement of the facts constituting the * * * objection”
(Surrogate’s Ct. Act, § 49), and despite the fact that they contain grounds of objection not recognized by the statute, the court called upon the objectant to produce evidence in support of the grounds of disqualification specified in subdivision 5 of section 94 of the Surrogate’s Court Act. The objectant was not ready to proceed with the trial of such issues. The court gave the objectant every opportunity to state whether, at an adjourned hearing, she could produce any proof in support of any of the grounds of disqualification specified in section 94. The objectant was unable to specify any proof which she could produce to establish any statutory ground of disqualification. Under such circumstances the court would not be justified in granting the objectant any further adjournment.
*294 The objections to the issuance of letters testamentary are therefore dismissed. Letters testamentary will issue to the person named in the will as executrix.
Submit supplemental decree on notice accordingly.