S. Samuel Di Falco, S.
Barnet H. Shapiro, one of the executors named by the decedent in his last will and testament which was admitted to probate in this court, moves for summary judgment dismissing the objections to the granting of letters testamentary and letters of trusteeship to him which have been filed by the decedent’s two sons and widow. The movant herein was one of three executors and trustees named in a will executed by the decedent on November 24, 1953. His appointment was ratified in a codicil dated December 22,1960. The decedent died on May 30, 1961 and the Chemical Bank and Trust Company, the third executor and trustee named by the decedent, has renounced.
The objections which were first filed to the issuance of letters testamentary and letters of trusteeship to the said Barnet H. Shapiro were dismissed without prejudice because they failed to contain a plain and concise statement of the facts constituting the objections as required by section 49 of the Surrogate’s Court Act. (Matter of Wenig, N. Y. L. J., Aug. 9, 1961, p. 6, col. 1.) The voluminous amended objections which were filed as a result of that decision do not appear to have cured this defect.
The basic objections to the appointment of the movant as executor and trustee remain the same. It is alleged that the movant herein is not competent to serve as executor and trustee because his interests are in conflict with the estate, that he will be unable to properly execute his duties by reason of hostility, improvidence and want of understanding and that his circumstances are such that they do not afford adequate security to the creditors or persons interested in the estate. It is also alleged that shortly before he died the decedent discharged the movant who had been employed by the said decedent as his personal accountant and as accountant for all the corporations in which the decedent was a major stockholder for more than 30 years. It is further alleged that by reason of his dismissal the movant has become so hostile toward the estate and the objects of the testator’s bounty as to affect his honesty, integrity and judgment.
The attempt by the objectants to bring their objections within the provisions of section 94 of the Surrogate’s Court Act must be rejected unless facts are stated which raise triable issues which if decided in favor of the objectant give the court grounds under section 94 of the Surrogate’s Court Act for refusing to grant letters testamentary and letters of trusteeship.
As this court pointed out in its prior decision our courts have interpreted and defined the meaning of the terms ‘1 ineom *905 petence ”, “dishonesty”, “ improvidence ”, “ want of understanding” and “circumstances * * * such that they do not afford adequate security ” as used in the statute. (Matter of Leland, 219 N. Y. 387; Matter of Flood, 236 N. Y. 408; Matter of Wischmann, 80 App. Div. 520; Matter of Riede, 138 App. Div. 83; Matter of Foss, 282 App. Div. 509.) Although the objectants have used these terms extensively in the accusations made by them against the movant no facts have been alleged to support the meaning of these terms within the definition of the terms as laid down by judicial decision. Conceding that the objectants could prove all the alleged facts contained in their objections with respect to the dismissal of the movant and with respect to his hostility this court would still have no grounds upon which to base a refusal to grant letters testamentary and letters of trusteeship to the said Barnet H. Shapiro. Conflict of interest and hostility are not enough to warrant the withholding of letters testamentary and letters of trusteeship. (Matter of Foss, supra.)
The grounds for disqualification set forth in section 94 of the Surrogate’s Court Act are exclusive and the Surrogate’s power to refuse the issuance of letters is limited by that statute. (Matter of Leland, supra; Matter of Flood, supra.) The Surrogate ’s Court Act contains ample safeguards against misconduct of a fiduciary in the discharge of his duties. Section 99 provides the grounds for his removal in the event of such misconduct and section 209 provides for the resolution of claims between the estate and its representative. There is no showing here and no facts have been alleged which would indicate that there is a genuine conflict of interest and no facts are alleged to support the allegation that ‘ ‘ his circumstances are such that they do not afford adequate security to the creditors or persons interested for the due administration of the estate ”. (Surrogate’s Court Act, § 99, subd. 6.) As was said by the Court of Appeals in Matter of Leland (219 N. Y. 387, 393, 394): “ The courts will not undertake to make a better will nor name a better executor for the testator. They will not add disqualifications to those specified by the statute, nor disregard testator’s wishes by too liberal an interpretation of the specific disqualifications ’ ’.
As the objections fail to state facts which raise triable issues which would warrant a hearing of this matter the motion for summary judgment is granted.