In the Matter of the Probate of the Will of RUDOLF HELLER-BAGHERO, Deceased. STEFANIE HELLER et al., Appellants; THEODORE MATTERN, Respondent.

First Department, July 8, 1969.

*Hans Harnik* of counsel (*Robert Morrow* with him on the brief; *Wachtell Manheim & Grouf*, attorneys), for appellants.

*Helmut J. Kraemer* of counsel (*Theodore Mattern*, in person, attorney), for respondent.

CAPOZZOLI, J.  On October 28, 1968, subsequent to the time when the will of the decedent, dated July, 1962, was offered for probate in the Austrian court, this proceeding was begun in the Surrogate's Court of New York County for the probate of a later will of the same decedent, which was dated February 5, 1964. This last will was executed here in New York, and recites the fact that the decedent is a resident here and names a New York resident as residuary legatee of one half of the estate. The objections to the probate proceedings in the Surrogate's Court are based on the allegations of the residence of the testator, at the time of his death in Austria, and the probate of the 1962 will in the Austrian court, which allegedly has domiciliary jurisdiction over the estate.

It is important to note that 90% of the decedent's assets are located within the County of New. York. This fact is not contradicted.

The learned Surrogate was correct in holding that subdivision 2 of section 1605 of the Surrogate's Court Procedure Act does not apply in this case because that section speaks of a will admitted to probate or established in the testator's domicile. We are not considering the earlier will of 1962. The will which is before us is the later will of 1964.

The dissenting opinion's reliance on SCPA 206 has been noted; however, the case at bar is not affected by that section one way or the other, in view of the peculiar factual situation presented. The issue appears to be one of comity, rather than jurisdiction. It is, of course, true that the pending proceedings in Austria, involving an earlier will, should be considered as a factor in evaluating the exercise of the Surrogate's Court's discretion to entertain jurisdiction in this case. But, as against this one allegation, there are many other factors which lead to the conclusion that the learned Surrogate properly exercised his discretion in favor of retaining jurisdiction. The factors which favor the result reached include the making of the will in New York; the New York residency of a substantial legatee under the will; the statement in the will that the testator is a resident of New York State; the location of over 90% of the

property of the decedent in New York County and the undenied allegation that the interest of the New York legatee would be adversely affected by probate in Austria.

In the case of *Matter of Lamborn* (168 Misc. 504, affd. 255 App. Div. 755, affd. 280 N. Y. 504), while the court (FOLEY, S.) dismissed a proceeding for the probate of a will, it concluded that the court had "unquestionable * * * discretion" (p. 510) in these proceedings. The court stated at page 509 as follows: "In the exercise or non-exercise of discretion to entertain a probate proceeding of the will of a non-resident, the surrogates are guided by the circumstances of each case, by the relative rights of the parties in interest * * * and other distinctive considerations."

In view of the totality of the facts, as set forth above, I am of the opinion that the rule of comity does not require that the Surrogate's Court of New York County relinquish jurisdiction in this matter.

Order directing that objections filed by appellants in this proceeding be stricken should be affirmed, with costs to all parties filing briefs hereon payable out of the estate.

STEUER, J. (dissenting). The decedent died a resident and domiciliary of Austria. On September 1, 1967, a will of the decedent dated July 1962 was admitted to probate in a competent Austrian court. On October 28, 1968, this proceeding was begun in the Surrogate's Court of this county for the probate of a will of the same decedent dated February 5, 1964. Objections to the probate were stricken by the Surrogate.

It is pointless to discuss what the law is in regard to the probate of a will of a nonresident where no prior proceedings for probate have been entertained in any other jurisdiction. As regards probate in a sister State, it has invariably been held that where probate of an earlier will has been allowed in the decedent's domiciliary State proceedings to probate a subsequently dated will will not be entertained in this State (*Matter of Leonori*, 130 Misc. 499; see *Matter of Connell*, 221 N. Y. 190). Under certain circumstances, as where the second will had been before the court of the sister State and rejected in favor of the earlier will, such a ruling would be constitutionally mandated by the requirements of full faith and credit. But even where no such circumstance is present, our courts have pointed out that the same procedure is advisable as a matter of comity to avoid the possibility of conflicting decisions; and all proceedings involving the validity of a claimed subsequent will should

be had in the State where a will of the testator had already been probated (*Matter of Leonori, supra,* p. 500). The rule being based on comity, it applies to foreign countries for the identical reasons. " When the domiciliary State actually assumes jurisdiction, the nondomiciliary State will not interfere." (*Matter of Vischer,* 53 Misc 2d 912, 916.)

The Surrogate relied on section 206 of the Surrogate's Court Procedure Act. This section, headed " Exclusive jurisdiction ", reads: " The surrogate's court of each county has jurisdiction exclusive of every other surrogate's court over the estate of ", and then goes on to give the instances. This section has to do with which of the various county Surrogates as between themselves shall have jurisdiction in any matter. As pointed out in the Practice Commentary, this is a matter of great significance. The proper county in which to bring a matter in the Surrogate's Court is one of jurisdiction, not venue, and hence not subject to consent and always subject to challenge. The section neither confers nor denies jurisdiction where the issue is between the court of this State and another. In *Matter of Worch* (124 Misc. 380) Surrogate FOLEY, well known to be the author of section 45, the predecessor of section 206, rejected the claim that any administration here of an estate here could be other than ancillary where probate had been had in France. " Comity and co-operation with the foreign court, having jurisdiction of the original administration, require that the rights of this creditor * * * and all other questions involved should be determined by the domiciliary courts " (pp. 382–383).

It appears that in the will dated 1964 the testator described himself as being a domiciliary of New York. Of course the proponents of that will for the purposes of this motion have had to assume that he was a domiciliary of Austria. Nothing herein contained should be deemed as deciding that factual question. It should be determined in the proceedings following reinstatement of the objections.

The order entered March 17, 1969, striking objections should be reversed on the law and objections reinstated with costs to all parties filing briefs payable out of the estate.

STEVENS, P. J., and EAGER, J., concur with CAPOZZOLI, J.; STEUER, J., dissents in opinion in which NUNEZ, J., concurs.

Decree entered on March 17, 1969, affirmed, with $50 costs and disbursements to all parties (objectants-appellants and proponent-respondent), payable out of the estate.