Christopher C. McGrath, S.
This is a probate proceeding in which objections have been filed to the granting of letters testamentary to an attorney who is the executor named in the decedent’s will. The facts which form the basis for the objections are as follows:
Decedent died on July 7, 1970, leaving a will dated June 24, 1965 which gave her entire estate to her husband and named the proponent as executor. The husband having predeceased the testatrix, the propounded paper will have no effect as a testamentary instrument to dispose of decedent’s estate and accordingly, her property which consists primarily of a two-family house located at 763 Edison Avenue, Bronx, New York, will pass as in intestacy. The distributees of the testatrix are two brothers and a sister who are residents of Italy and a nephew and niece residing in New York who are children of a predeceased sister.
It is alleged that a day or two after the death of the decedent, the executor named in decedent’s will received from decedent’s stepson who had been residing with decedent, papers and documents relative to the affairs of the decedent including the deed to premises 763 Edison Avenue, Bronx, New York, and a paper writing purported to be decedent’s last will and testament. After a passage of time in which efforts were made by the nephew and niece to ascertain without success whether there was in fact a will, the nephew and niece filed a petition in this court for letters of administration. On March 16,1971, letters of administration were granted to the nephew and niece.
Thereafter, the latter commenced a discovery proceeding against the decedent’s stepson and the attorney who is now the proponent herein to discover the decedent’s personal property allegedly withheld by the respondents. On July 14, 1971, during the course of the hearing in the discovery proceeding, it was disclosed that the attorney was in possession of decedent’s will wherein he was the named executor. He was then directed to file the will and move for its probate. This he has now done and the nephew and niece joined by the Consul General of Italy at New York have filed objections to the issuance of letters testamentary to the proponent upon the grounds that: (a) he is incompetent to execute the duties of such office by reason of improvidence ; (b) he does not possess the degree of responsibility required of a fiduciary.
Hearings were thereafter held by the court on these objections and the following conduct of the nominated executor came to light:
*132 (1) Although he was the named executor of decedent’s will which came into his possession shortly after her death, he took no steps for its probate until more than a year after decedent’s death and not until directed to do so by the court;
(2) He took no steps to marshal or preserve the estate assets, nor did he attempt to procure temporary or preliminary letters;
(3) That he never made an inspection of the two-family house which constitutes the greater part of this estate;
(4) That the said real property has remained vacant from shortly after decedent’s death until the present;
(5) That the proponent has allowed the decedent’s real property to deteriorate greatly and thus decrease in value;
(6) That the conduct of the proponent has resulted in grave impairment of the rights of the decedent’s distributees.
At the hearing before the court, a witness who had been a tenant in decedent’s real property at 763 Edison Avenue, Bronx, New York, for a number of years testified that the house had been in excellent condition when she moved out about three weeks after decedent’s death. Another witness who is employed as a maintenance man by the Board of Education of the City of New York and who was related to the deceased by marriage testified in the same vein as to the condition of the house shortly before decedent’s death. However, he further testified that when he examined the premises in the spring of 1971, which was about seven or eight months after decedent’s death, he observed that the ceilings in almost all of the rooms on the ground floor of the house had fallen down, that there were signs of water damage at the ceilings where the tile and plaster had fallen, that the walls were water-stained and damaged, that the plumbing was not working, that the floors had been so severely damaged by water that they would have to be replaced and that the tiles on the floors had come loose. He further testified that there was no heat in the" building and the water damage was caused by the bursting of frozen pipes and that there appeared to be considerable damage to the electrical wires in the walls on the ground floor and to the entire electrical system. He further testified that in order to correct the damage he had described and restore this house to good condition, a considerable amount of repairs of an expensive nature would be required.
The court is mindful of the rule that a nominated executor cannot lightly be denied letters testamentary (Matter of Sperrle, 47 Misc 2d 1084). The prerogative of the testator to appoint a person in whom he has confidence to administer his estate cannot be arbitrarily usurped by the court (Matter of Leland, 219 *133 N. Y. 387, affg. 175 App. Div. 62; Matter of Foss, 282 App. Div. 509).
However, as pointed out in the text in paragraph 711.13 of 10A Cox-Arenson-Medina, N. Y. Civ. Prac., one of the primary obligations of a fiduciary is that he preserve the estate assets. This may require a variety of acts of varying degrees of complexity, obviousness and immediacy and failure on the part of a fiduciary to take appropriate action when he should have acted to preserve the estate assets may constitute waste justifying his removal. Since the court has the duty to revoke the letters of an executor who has wasted the assets of the estate or has otherwise improvidently managed or injured the property committed to his charge (SCPA 711, subd. 2), such conduct should in the first instance be sufficient justification for the court to deny to a nominated executor the right to assume a fiduciary role.
The court has carefully considered the situation which is here presented and concludes that the nominated executor has exhibited such indifference, inertia and. utter disregard for his obligations to this estate that issuance of letters testamentary to him must be refused (Matter of Boyle, 166 App. Div. 504; Matter of Jaffe, 12 Misc 2d 31; Matter of Weinbender, 110 N. Y. S. 2d 895). Accordingly, the will shall be admitted to probate, letters of administration heretofore issued to the objectants shall be revoked, the issuance of letters testamentary to the nominated executor will be denied and letters c. t. a. herein will issue to the objectants upon due application and qualification therefor.