Lawrence E. Kahn, S.
The question before the court is whether or not it has jurisdiction to entertain the probate of the purported last will and testament of John Grushovetz.
John Grushovetz died on March 9, 1975 in Ridley Park, Delaware County, Pennsylvania. Decedent had lived with his wife since 1966 at One Huckleberry Lane, Town of Colonie, New York. Mrs. Grushovetz died on March 12, 1974 and shortly following the death of his said wife, Mr. Grushovetz was confined to Memorial Hospital, Albany, New York. On March 24, 1974 Mr. Grushovetz executed the instrument which is now being offered for probate in this proceeding. On December 19, 1974, Elizabeth Tompers, a daughter of Mr. Grushovetz’s brother, brought him to her home at 205 East *358 Ridley Park Avenue, Ridley Park, Pennsylvania. Mr. Grushovetz required constant care and was then confined to a nursing home by Mrs. Tompers. On January 23, 1975, Mrs. Tompers was appointed guardian of the person of Mr. Grushovetz, after he had been adjudged incompetent by the Court of Common Pleas of Delaware County, Pennsylvania, Orphan’s Court Division. In February of 1975, Mrs. Tompers removed all of Mr. Grushovetz’s personal effects from his Colonie home, leaving the premises itself at One Huckleberry Lane as his last remaining asset in the State of New York.
Upon the death of Mr. Grushovetz on March 9, 1975, the petitioner herein, the named executor in decedent’s last will and testament, sent Mrs. Tompers by letter dated March 13, 1975, a copy of decedent’s purported will. The attorney for Mrs. Tompers replied, by letter dated March 28, 1975, that letters of administration had already been petitioned for and that Mrs. Tompers considered said last will and testament of decedent to be invalid. In fact, letters of administration were thereafter issued to Mrs. Tompers on April 27, 1975 by the Registrar for the probate of wills and granting of letters of administration in and for the County of Delaware in Pennsylvania.
Petitioner has now asked this court to probate the said instrument dated March 23, 1974. Upon the allegation that said decedent was lately domiciled at One Huckleberry Lane, Colonie, New York, this court issued citations to Mrs. Elizabeth Tompers and to John Doe and Mary Roe, as heirs or assigns of said decedent to show cause why the purported will should not be admitted to probate. Mrs. Tompers objects to this proceeding on the ground that said decedent was actually a resident and domiciliary of Pennsylvania at the time of his death and that letters of administration have already been issued by a competent court of that State. She asserts that this court does not have jurisdiction to probate decedent’s purported will or to entertain any proceedings in connection therewith.
The Surrogate’s jurisdictional power to admit a will of foreign domiciliary to original probate is covered by SCPA 1605 which provides: "A will of a non-domiciliary which upon probate may operate upon any property in this state and is deemed by the laws of this state to have been validly executed for probate in this state, may be admitted to probate in the *359 same manner as any other will may be admitted to probate under this act, except as herein otherwise prescribed.”
The exceptions contained in SCPA 1605 (subds 2, 3) are not applicable in this case since no other will has been admitted to probate in this or any other State, nor was any will denied probate in this or any other State.
The major case interpreting this section and empowering the Surrogate, in his discretion, to exercise jurisdiction in this case is Matter of Heller-Baghero (26 NY2d 337). That case involved the power of the Surrogate to entertain original probate of a 1964 will of a nondomiciliary when there had been pending and since determined in the foreign domiciliary jurisdiction an estate proceeding based upon an earlier will of the testator (p 338). In that case it was contended that the Surrogate should not have asserted jurisdiction over the original probate of a 1964 will in the estate, since an Austrian domiciliary court had previously asserted jurisdiction. It was argued that since the earlier 1962 will had been probated, or established in Austria, only ancillary jurisdiction, based upon the Austrian proceeding, was possible in New York. The New York Court of Appeals held that the Surrogate, in the exercise of discretion, properly took jurisdiction. There the Surrogate did not exceed his discretion because the issue of the validity of the 1964 will was not foreclosed in the Austrian proceeding, a great deal of the assets were in New York, the executor named in the 1964 will and one of the two legatees were residents of New York, proof of the 1964 will would entail extensive litigation in Austria and the probate proceeding was brought in New York in good faith with no suggestion of an attempt to thwart the laws of Austria. It was stated (p 345) that the "facts of the particular case” justified the entertainment of original jurisdiction.
In the present case, the facts are similar. The Pennsylvania court did not have knowledge of decedent’s purported will since Mrs. Tompers did not apprise that court of its existence. The issue of the purported Grushovetz will was therefore not considered or foreclosed by the administrative proceedings in Pennsylvania. This court has reviewed the petition for letters of administration submitted to the Pennsylvania Probate Court. The Pennsylvania court had no knowledge of decedent’s real property located in the State of New York since Mrs. Tompers incorrectly listed said property as being located in the Commonwealth of Pennsylvania. At the very least, Mr. *360 Grushovetz left real property, a house, at One Huckleberry Lane, Colonie, New York, which constitutes a substantial part of decedent’s estate. Also, the executor named in the purported Grushovetz will is a New York resident, and so are the majority of the legatees named in the will. Nor does it appear that this proceeding was brought to thwart the laws of Pennsylvania.
While the Heller-Baghero case (supra) involved a foreign jurisdiction, and the question of comity, Matter of McCullough (129 Misc 113), involved an original probate which was granted despite another State’s proceeding. There, Colorado, the domicile of deceased, had granted letters of administration to the surviving wife, based upon intestacy. Nevertheless, Surrogate Foley granted original probate. He stated (p 117) that "Neither as a matter of right nor of comity nor because of the special circumstances disclosed in the papers in this proceeding, is the petitioner entitled to an order directing the forwarding at this time of the alleged will to the Probate Court of Colorado.” There again substantial assets were located in New York.
An important additional factor which permits the exercise of the court’s jurisdiction for the probate of the alleged will in the case at bar is the fact that while Mrs. Tempers had knowledge of the existence of this instrument, she did not offer it for probate in the Pennsylvania proceeding. No court in any competent jurisdiction has yet decided the validity or invalidity of decedent’s purported last will and testament. Nor was the issue of decedent’s domicile litigated or determined by the Pennsylvania court.
This court holds that in the circumstances present it has jurisdiction to probate decedent’s last will and testament. Since the court has jurisdiction to probate the will, it also has jurisdiction to entertain proceedings as to other relevant issues such as the question of decedent’s domicile.
A copy of this decision shall be served upon the Court of Common Pleas of Delaware County, Pennsylvania, Orphan’s Court Division.