■ In the Matter of the Estate of CHARLES C. JUELICH, Deceased. OTTO C. JUELICH, Appellant; OLGA K. JUELICH et al., Respondents. — In a probate proceeding, petitioner appeals from (1) a decree of the Surrogate's Court, Queens County, dated May 2, 1980, which, *inter alia,* admitted to probate a will dated March 7, 1978, and (2) an order of the same court, dated June 19, 1980, which, *inter alia,* failed to grant his application for letters of administration c.t.a. Decree affirmed, without costs or disbursements. Order reversed, without costs or disbursements, application granted and matter remitted to the Surrogate's Court, Queens County, for further proceedings consistent herewith. The record shows that the will dated March 7, 1978 was properly admitted to probate over appellant's challenge and offer of a prior will more favorable to himself as distributee. The Surrogate erred, however, in denying appellant's petition for letters of administration c.t.a. because of respondents' allegation of a conflict of interest based on this litigation. The priority of persons entitled to letters is fixed in SCPA 1418, and there is no discretion under that scheme to pass over one class in favor of another (here, a beneficiary in favor of the public administrator) (see *Matter of Campbell,* 192 NY 312, 316; *Matter of Murphy,* 304 NY 232, 239). Nor is the conflict of interest alleged by respondents sufficient on these facts to justify a finding that appellant is ineligible under SCPA 707 to be an administrator (see *Matter of Foss,* 282 App Div 509, 513-514; *Matter of Woodworth,* 165 Misc 770, 773-774, affd 254 App Div 852; *Matter of Sandow,* 21 Misc 2d 292; *Matter of Wenig,* 31 Misc 2d 903, 905). Therefore the order must be reversed, the application granted and the matter remitted to the Surrogate's Court so that the granting of the letters may be subject to such restrictions, if any, as deemed appropriate by that court. Mangano, J. P., Rabin, Margett and Weinstein, JJ., concur.