OPINION OF THE COURT
Renee R. Roth, S.
The jurisdiction of this court to entertain a petition to probate the will of a nondomiciliary has been raised in this proceeding.
The decedent, Jules Nelson, died on November 19, 1983 in Pennsylvania where he was concededly domiciled. He was survived by his wife Claire, from whom he was separated, and their two adult sons.
On December 5,1983, a petition for probate of decedent’s will dated January 20, 1982 and codicil dated August 6, *452 1982 was filed by the nominated executors, decedent’s friend Helen Gioulis and his attorney Samuel N. Green-spoon. Jurisdiction of this court was invoked on the basis that personal property of the decedent (shares of Hosiery Corporation of America) had come into the County of New York after his death (SCPA 206, subd 2, par [b]). The beneficiaries under these instruments, decedent’s two sons, his father, brother and two sisters, all consented to probate in this county.
No provision was made for decedent’s wife Claire in these instruments. She was cited and thereafter filed a paper described as an “answer to petition (with jury demand)”. Among other allegations, Mrs. Nelson contends that this court lacks jurisdiction over this estate because the predicate jurisdictional assets, the shares of the corporation, were “fraudulently” brought into the county (see Matter of De Camillis, 66 Misc 2d 882, affd 38 AD2d 687).
Subsequently, despite her contention that the court lacks jurisdiction, Mrs. Nelson moved for the issuance of temporary letters to any person other than the nominated executors under the propounded instrument. The proponents cross-moved for the issuance of preliminary letters.
Briefly stated, some other pertinent facts which give rise to this controversy are as follows.
Decedent and his wife were separated pursuant to an agreement executed on December 2, 1980 in the State of New York. The separation agreement expressly provided that any dispute “shall be determined by the Supreme Court of the State of New York in accordance with the laws of New York”. Under the agreement, provision was made for the sale by the wife of her interest in the family corporation, Hosiery Corporation of America, a major asset of the couple.
In 1981, decedent commenced an action in the Supreme Court, New York County, to convert the separation agreement into a divorce. Claire answered alleging invalidity of the agreement on various grounds and counterclaimed for a divorce on the ground of abandonment. These proceedings were unresolved at decedent’s death and the action to determine the validity of the separation agreement has *453 been adjourned pending the appointment of a personal representative of decedent’s estate.
Shortly after decedent’s death, Samuel N. Greenspoon (one of the named executors) brought decedent’s stock in the Hosiery Corporation of America into this county. The stock is apparently the principal asset of decedent’s estate; the company is a Delaware corporation.
With this background we turn to the issue raised by Mrs. Nelson concerning the jurisdiction of this court over the estate of a nondomiciliary.
Several statutes govern original probate of the wills of nondomiciliaries. Subdivision 1 of the principal statute, SCPA 1605, provides that: “[a] will of a non-domiciliary which upon probate may operate upon any property in this state and is deemed by the laws of this state to have been validly executed for probate in this state, may be admitted to probate in the same manner as any other will may be admitted to probate under this act, except as herein otherwise prescribed.”
Another provision, which is expressed in terms of venue, governs the jurisdiction of the Surrogates’ Courts over estates of nondomiciliaries. SCPA 206 in relevant part provides that:
“The surrogate’s court of each county has jurisdiction exclusive of every other surrogate’s court over the estate of * * *
“2. any non-domiciliary of the state who
“(a) left property within that county and no other, or
“(b) left personal property which since his death * * * [came] into that county and no other and remains unadministered”.
Thus, this court has jurisdiction to admit to original . probate the will of any nondomiciliary who at his death had property within New York County. Under paragraph (b) of subdivision 2 the court also has such jurisdiction if property was brought into the county after the death of the nondomiciliary.
In the latter instance, a decision of former Surrogate Di Falco (Matter of De Camillis, 66 Misc 2d 882, affd 38 AD2d 687, supra) discusses in detail all prior decisions *454 governing the circumstances under which bringing property into the county after decedent’s death will confer jurisdiction upon the court. It is apparent from the decisions that jurisdiction should not be declined merely because property was brought into the county for the purpose of conferring jurisdiction if there was no wrongful intention and other indicia, which will be discussed infra, are also present (see, e.g., Matter of Hughes, 95 NY 55; Matter of Brown, 131 Misc 859; 1 Warren’s Heaton, Surrogates’ Courts, § 33). Jurisdiction has however been declined when administration in New York was sought for fraudulent or other improper purpose (Hoes v New York, New Haven & Hartford R. R. Co., 173 NY 435, 442; Matter of De Camillis, supra).
No evidence has been presented here to show any improper purpose in bringing the stock certificates into this county.
Although jurisdiction over the estate of a domiciliary must be accepted by the court, entertainment of a nondomiciliary’s estate is discretionary. A number of cases discuss the factors which enter into the exercise of such discretion (see Matter of Heller-Baghero, 32 AD2d 328, affd 26 NY2d 337; Matter of Goldstein, 34 AD2d 764; Matter of Renard, 100 Misc 2d 347, affd 71 AD2d 554; Matter of Grushovetz, 84 Misc 2d 356; Matter of Dow, 81 Misc 2d 506; Matter of Childs, 63 Misc 2d 470; Matter of Vischer, 53 Misc 2d 912; Matter of Cook, 204 Misc 704, affd 283 App Div 1047; Matter of Ryan, 178 Misc 1007, affd 265 App Div 1051; Matter of James, 167 Misc 142, affd 254 App Div 723).
These cases clearly establish that among the primary considerations for the exercise of discretion are the wishes of the testator if expressed and also the convenience of the fiduciaries and beneficiaries.
In the instant case, many considerations exist which require this court to entertain jurisdiction: the propounded instrument contains a provision which indicates probate in New York was contemplated by decedent (the clause provides that “to the extent this Article is inconsistent with Section 11-2.1 of the Estates, Powers and Trusts Laws of the State, this Article shall prevail”); another consideration is that there is litigation which relates to this estate *455 pending in New York County; additionally, one of the two nominated executors and three of the four attesting witnesses to the will and codicil reside in New York and finally, all persons interested in this estate, other than decedent’s estranged wife, have consented to probate in this court.
Mrs. Nelson’s rights in this estate are as yet undetermined. Under the terms of the separation agreement, she waived any and all rights in her husband’s estate. She however contests the validity of the agreement. If she is unsuccessful in setting aside the agreement, she will have no interest in this estate. If she is successful, her rights are protected equally under the laws of New York as well as Pennsylvania.
Consequently, for all these reasons, the court exercises its discretion and entertains jurisdiction.
The court is satisfied that a fiduciary must be appointed immediately in order to protect the assets of the estate and facilitate the litigation pending in the Supreme Court, New York County.
The nomination by a testator of the fiduciaries who shall administer his estate is entitled to great respect (Matter of Bergdorf, 206 NY 309, 312; Hartnett v Wandell, 60 NY 346, 351; Matter of Zalaznick, 76 Misc 2d 43, 44-45, affd 42 AD2d 1049). Absent the establishment of cause for disqualification, the nominated executors must be appointed (SCPA 1414, subd 2; Cooper v Jones, 78 AD2d 423; Matter of Simon, 44 AD2d 570; Matter of Israel, 64 Misc 2d 1035).
SCPA 707 sets forth those classes of persons who are ineligible to serve as fiduciaries. These grounds are not exclusive. The criteria contained in SCPA 711 for the removal of a fiduciary may also be used to disqualify a named fiduciary before appointment (Matter of Jurzyhowski, 36 AD2d 488, 491, affd 30 NY2d 510; Matter of Younker, NYLJ, July 23, 1981, p 6, col 5).
A potential conflict of interest with a party interested in the estate does not of itself constitute a ground for disqualification (Matter of Juelich, 81 AD2d 919; Matter of Foss, 282 App Div 509, 513; Matter of Woodworth, 165 Misc 770, 773-774, affd 254 App Div 852; Matter of Sandow, 21 Misc 2d 292, 293; Matter of Wenig, 31 Misc 2d 903, 905).
*456 No facts have been alleged to require a hearing on the fitness of the nominated fiduciaries (Matter of Lazarus, 84 Misc 2d 957).
Accordingly, the motion for the appointment of a temporary administrator is denied. Preliminary letters testamentary shall issue to Helen Gioulis and Samuel N. Greenspoon upon their duly qualifying according to law and filing a bond in an amount to be fixed in the decree.